**STATE of Utah, Plaintiff and Appellant,**

v.

**Mary Christine BERO, Defendant and Respondent.**

**No. 17465.**

Supreme Court of Utah.

March 12, 1982.

David L. Wilkinson, Atty. Gen., Robert R. Wallace, Asst. Atty. Gen., Paul H. Matthews, Sp. Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Suzan Pixton, Salt Lake City, for defendant and respondent.

HOWE, Justice:

A district court judge in a criminal action set aside a default judgment of forfeiture of defendant's car which judgment had been previously entered by another district court judge in a related civil matter. The State of Utah in this appeal seeks a reversal of the order which set aside the judgment of forfeiture, and a reinstatement of the original default judgment or, alternatively, a remand to the original judge to consider the motion to vacate his order. The State also seeks a remand of the criminal case in order to determine whether defendant's guilty plea should be allowed to be withdrawn.

The key issues are two: (1) May one district judge set aside a default judgment entered by another district judge having identical authority and stature? (2) May the trial court fulfill defendant's expectation in a plea agreement by return of a car which had been seized pursuant to arrest?

On February 13, 1980, the defendant, Mary Christine Bero, was arrested, charged with three counts of violating the Controlled Substances Act, § 58–37–8, U.C.A. 1953 and had her car seized by law enforcement officials. On May 29, 1980, Judge James S. Sawaya of the Third District Court entered a default judgment of forfeiture of the car having been assured that pursuant to § 58–37–13, U.C.A.1953 notice had been mailed to the defendant's last known address, which was also the address recorded on the Utah certificate of title for the vehicle. Notice of judgment was mailed to the same address. Both letters were returned marked "unclaimed." At that time the defendant was represented by public defense counsel only in the criminal case. Subsequently she was represented by private counsel in both cases.

On June 6, 1980, the defendant pleaded guilty before Judge Christine M. Durham of the Third District Court to the crime of possession of a controlled substance with intent to distribute for value, pursuant to a plea agreement. The deputy county attorney who had negotiated the agreement with defendant's counsel was not present

but he was represented by another deputy county attorney. The plea agreement which had been reduced to writing stated that the prosecution would move the court to dismiss two second degree felony charges upon defendant's plea of guilty to a third degree felony. However, defense counsel represented at the time the guilty plea was entered that it was her understanding that as part of the agreement the prosecution would, in addition, recommend to the State Department of Narcotics and Liquor Law Enforcement that the car not be forfeited but returned to the defendant. The deputy who appeared in court represented that there was nothing to that effect in the file. The deputy county attorney who had negotiated the agreement stated later that his understanding was that the return of the automobile was not a part of the agreement but acknowledged its return had been discussed in the negotiations.

After having heard from all of the parties in both actions, Judge Durham stated that "there had in fact not been a meeting of the minds between defense counsel and counsel for the state with respect to the arrangement on this plea bargain ...," but found that "the defendant entered a plea of guilty to certain charges ... because of a reasonable belief that the return of the vehicle had been promised." The court further found that equity and fairness required the return of the vehicle and that the notice of forfeiture which had been given was questionable. Thereupon the court vacated and set aside the default judgment and ordered the car returned to the defendant. The State brings this appeal.

█ Generally one district judge cannot overrule another district judge having identical authority and stature. *State v. Morgan*, Utah, 527 P.2d 225 (1974). But this issue is not a jurisdictional question as appellant attempts to characterize it. Both the civil and criminal cases involved here were properly within the jurisdiction of the Third District Court. In a district composed of multiple judges, such as the Third District, all of the judges have jurisdiction over cases within the district. However, since disposition of this case requires its remand to the trial court where it can be further considered by Judge Sawaya, further comment on this assignment of error is unnecessary here.

Addressing the issue of fulfilling a defendant's expectation in a plea agreement, the rule enunciated in *Santobello v. New York*, 404 U.S. 257, 30 L.Ed.2d 427, 92 S.Ct. 495 (1971) is that "when a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

█ In this case the trial court made a clear finding that there had been no meeting of the minds between counsel. In other words, no agreement regarding return of the car was reached. Therefore *State v. Tourtellotte*, 88 Wash.2d 579, 564 P.2d 799 (1977), where the state refused to honor a plea agreement and the court determined that specific performance was the "only adequate remedy available to the defendant," is not in point. A "plea agreement" that was never agreed upon need not be fulfilled.

In *State v. Garfield*, Utah, 552 P.2d 129 (1976), the defendant sought to withdraw his plea because he had not received probation. The prosecutor who had agreed to recommend probation was not present at the time the plea was entered but had made his recommendation to the Adult Probation and Parole Department and offered to make the same recommendation in a hearing on a motion to set aside the guilty plea. The recommendation was not endorsed by Adult Probation and Parole but may have been mentioned in its report to the trial court. On appeal the defendant sought either to withdraw his plea or to have the agreement enforced. We remanded for a limited evidentiary hearing to determine whether the court was advised of the recommendation and held that the defendant had the right to the benefit of his agreement (a recommendation to the court for probation), but had no right to probation where he understood that the court was not

bound by the prosecutor's recommendation. Unlike the Garfield case, in the case at bar there was no clear agreement by the prosecutor with respect to the return of the car. While the prosecutor's promise in Garfield was not disputed, the heart of the issue in the present case was what, if anything, was promised. There is no right to the benefit of an agreement in the present case, as there was in Garfield, since the trial court found that there was no agreement reached in this case.

Neither did the trial court make a specific finding that the prosecutor had made a promise in this case. It found only that the defendant had a reasonable belief that a promise had been made. A reasonable belief is not equal to a promise. Therefore, the Santobello rule does not require specific performance here since neither a promise was made by the prosecutor nor an agreement reached by the parties.

In *Cooper v. United States*, 594 F.2d 12 (4th Cir. 1979), the court held that a constitutional right to enforcement of plea agreements may arise before a contract is reached because of reasonably formed expectations of the defendant. The prosecution had attempted to withdraw an undisputed proposal after the defendant was willing to accept it. However, in the present case defendant's expectations were not formed on the basis of an undisputed proposal. The proposal was in dispute. The prosecution and defense counsel described its nature in different and conflicting terms after the defendant's plea had been entered.

The defendant may have been entitled to specific performance had there been an agreement or a promise, or if additionally it were impossible to restore the parties to the positions they occupied before the entry of the plea. *Jordan v. Commonwealth*, 217 Va. 57, 225 S.E.2d 661 (1976). But the trial court in the case before us imposed specific performance in the face of a disputed agreement where there was no meeting of the minds, no clear promise had been made, and no harm would result from placing the parties in their original positions.

In essence, the trial court enforced an agreement outlined by defense counsel but never accepted or promised by the prosecutor. The court did so merely because of an expectation founded on a disputed premise. No case law has been presented which supports such a ruling.

Furthermore, such a ruling would be detrimental to the interests of justice. Both parties to a plea agreement, should know that they must approach the court having reached a firm proposed agreement which does not become enforceable until approved by the court. It is not the task of the court to become the negotiator of the agreement. The court should understand clearly and make sure the parties understand clearly the terms which they have agreed to before acting upon the agreement. Where there is an error, frequently it can be most easily corrected by placing the parties in their original positions. As long as the defendant retains constitutional protections, no harm need be suffered. Such was the appropriate remedy in this case. To hold otherwise would not only be inequitable and unfounded in law, but also damaging to the negotiations process. This is not to say specific performance may not be an appropriate remedy on a proper occasion. It simply was error here.

Accordingly, we reverse the order setting aside the default judgment of forfeiture in the civil case and remand the case with leave to the defendant to move to set aside the default judgment on proper grounds before Judge Sawaya. The criminal case is remanded with leave to the defendant to move the court upon proper grounds to allow her to withdraw her guilty plea.

HALL, C. J., STEWART and OAKS, JJ., and CALVIN GOULD, District Judge, concur.