1999 UT App 273

STATE of Utah, Plaintiff and Appellee,

v.

Ellie WATSON, Defendant and Appellant.

No. 981538–CA.

Court of Appeals of Utah.

Sept. 30, 1999.

---

David C. Cundick, Parker, Freestone, Angerhofer, Salt Lake City, for Appellant.

Jan Graham, Atty. Gen., James H. Beadles, Asst. Atty. Gen., and Vincent Meister, Deputy Dist. Atty., Salt Lake City, for Appellee.

Before GREENWOOD, Associate P.J., BENCH, and BILLINGS, JJ.

## OPINION

PER CURIAM:

¶ 1 Ellie Watson appeals the trial court's order requiring her to pay restitution to the Victim's Reparation Fund for money it gave to a murder victim's family for counseling. The State concedes error. We reverse.

¶ 2 On July 23, 1996, Lonnie Durazo was killed and Melissa Fraga was injured. Watson was charged with criminal homicide and attempted criminal homicide because she allegedly drove codefendants, Quetzalcohual Chapman and Mike Pierson, to and from the crime scene. Watson was also charged with obstruction of justice for having sold the car used in the crime. Under a plea bargain, Watson pleaded guilty to attempted obstruction of justice. She was sentenced and ordered, over her objection, "to pay restitution in such amount (sic) as have been made of the Victim's Reparation' (sic) Fund relating to the death of Lonnie Durazo."

¶ 3 A court may order restitution only if the defendant has been convicted of a crime that resulted in pecuniary damages and agrees to pay restitution *or* admits to the criminal conduct. *See* Utah Code Ann. § 76–3–201(4)(a)(i)(Supp.1999) (stating "[w]hen a person is convicted of criminal activity that has resulted in pecuniary damages, in addition to any other sentence it may impose, the court shall order that the defendant make restitution to victims of crime as provided in this subsection, or for conduct for which the defendant has agreed to make restitution as part of a plea agreement"). "Criminal activities" is defined as "any offense of which the defendant is convicted or any other criminal conduct for which the defendant admits responsibility to the sentencing court with or without an admission of committing the criminal conduct." Utah Code Ann. § 76–3–201(1)(b)(Supp.1999).

¶ 4 The trial court focused on the phrase "criminal conduct for which the defendant admits" in the "criminal activities" definition, in determining that restitution was appropriate:

This court is of the opinion that for 76–3–201(b) and again focusing on that language "any other criminal conduct for which the defendant admits responsibility to." In this court's opinion the defendant did admit to the responsibility of driving this vehicle. And in this court's opinion also, [defense counsel], in spite of the fact that you maintain that some of the facts are disputed, I am just of the opinion that there are sufficient facts, substantial as they may be, which are reflective of the defendant's state of mind in this particular case; i.e., hearing the shots, individuals running towards the vehicle, her admission that she drove the vehicle away. In this court's opinion is sufficient nexus to hold her accountable for restitution in this particular case and meets the statutory definition. And even when you apply the "but for" analysis to that conduct, in this court's view, she still qualifies to have restitution imposed. For those reasons, I am going to require that the defendant, Ms. Watson, make restitution in this particular case.

¶ 5 To conclude that Watson admitted responsibility for the murder and that there was a sufficient nexus to hold her accountable to the victim's family for restitution, the trial court examined and made inferences about Watson's state of mind based upon the evidence before it. However, the statute is more narrow. It does not ask the trial court to analyze a defendant's state of mind, but rather asks it to focus on admissions made to the sentencing court. In other words, the statute requires that responsibility for the criminal conduct be firmly established, much like a guilty plea, before the court can order restitution. *See, e.g., State v. Voetberg*, 99 Or.App. 112, 781 P.2d 387 (1989) (interpreting a restitution statute similar to Utah's). In *Voetberg*, the Oregon Court of Appeals determined that the trial court should not have ordered the defendant, who admitted the company's liability in his capacity as president, to pay restitution because he did not admit personal liability and he was not determined to be the alter ego of the

company. *See* 781 P.2d at 388–89. The court concluded that a trial court must insure that formalities of an admission are met before restitution can be ordered:

> For the purposes of determining the basis for restitution, the admission of a defendant is essentially the same as a plea of guilty that would support a conviction, but a judgment of conviction is not entered because of a plea bargain. Because such an admission can result in liability for substantial sums of money, defendant's responsibility for the criminal activities ought to be firmly established.

*Id.* at 389 (citation omitted). The same rationale applies here. Without making inferences as the trial court did, it cannot be said that Watson admitted responsibility for the murder nor did she agree to pay restitution. Watson only admitted and pleaded guilty to the obstruction of justice charge for which there were no pecuniary damages. Thus, there was no firmly established admission of responsibility upon which to order Watson to pay restitution.

¶ 6 Accordingly, we reverse the trial court's order of restitution and remand the case for such further proceedings as may now be proper.