2001 UT App 200

**STATE of Utah, Plaintiff and Appellee,**

v.

**Gerald Michael BREEZE, Defendant and Appellant.**

**No. 20000670–CA.**

Court of Appeals of Utah.

June 28, 2001.

Catherine E. Lilly and Karen Stam, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Mark L. Shurtleff and Jeanne B. Inouye, Assistant Attorney General, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., and BILLINGS, and THORNE, JJ.

GREENWOOD, Presiding Judge:

¶ 1 Defendant appeals his conviction for criminal nonsupport, a third degree felony, in violation of Utah Code Ann. § 76-7-201 (1999), claiming the trial court erred in ordering restitution without a hearing. We vacate the restitution order and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2 Defendant was obligated to pay $130 per month in child support pursuant to a divorce decree entered in the Third Judicial District Court of Utah. Between December 15, 1998 and December 20, 1999, defendant paid no child support to his ex-wife. On December 21, 1999, defendant was charged with criminal nonsupport.

¶ 3 Defendant pleaded guilty, and a sentencing hearing was scheduled. At the sentencing hearing, defendant's attorney asked the trial court to withhold setting the amount of restitution until defendant's ex-wife could express her desires regarding the amount of restitution. Defendant also emphasized his wish that his ex-wife testify on the issue of restitution. The trial court responded, stating "I'm not interested in what [defendant's ex-wife] says at this point. I'm going to order restitution and the restitution I'm going to order is thirty-three thousand plus dollars, counsel. So we needn't waste any further time on that one." The court sentenced defendant, placed him on probation, and ordered him to pay $33,792.25 in restitution.

¶ 4 Defendant now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Defendant claims the trial court erred in imposing restitution without affording him a restitution hearing as required by Utah Code Ann. § 76-3-201(4)(e) (1999).

"An appellate court will not disturb a trial court's restitution order 'unless it exceeds that prescribed by law or otherwise abused its discretion.'" *State v. Weeks,* 2000 UT App 273, ¶ 7, 12 P.3d 110 (citation omitted), *cert. granted,* No. 20001049–SC, 21 P.3d 218, 2001 Utah LEXIS 61 (Utah Feb. 27, 2001); *see also State v. Dominguez,* 1999 UT App 343, ¶ 6, 992 P.2d 995 ("We will not vacate an order of restitution unless the trial court abused its discretion or exceeded its authority." (Internal quotations & citation omitted)); *In re J.M.H.,* 924 P.2d 895, 896 (Utah Ct.App.1996) (same). However, whether the statute requires the trial court to hold a hearing, presents a question of law, which we review for correctness. *See State v. Garcia,* 866 P.2d 5, 6 (Utah Ct.App.1993).

## ANALYSIS

¶ 6 Defendant contends the trial court erred in not allowing a full hearing on the issue of restitution. Restitution is governed by section 76–3–201 of the Utah Code. *See* Utah Code Ann. § 76–3–201 (1999). Section 76–3–201(4)(e) states: "If the defendant objects to the imposition, amount, or distribution of the restitution, the court *shall* at the time of sentencing allow the defendant a *full hearing* on the issue." *Id.* (emphasis added). In *State v. Weeks,* 2000 UT App 273, 12 P.3d 110, this court stated that "the [restitution] statute is clear—any request for a full restitution hearing must be made at or before sentencing." *Id.* at ¶ 9; *see also State v. Haga,* 954 P.2d 1284, 1289 (Utah Ct.App. 1998) (holding defendant is entitled to full restitution hearing when he requested it at sentencing). Both defendant and his counsel objected to the imposition of restitution at the sentencing hearing. Accordingly, under *Weeks* and *Haga,* defendant is entitled to a full hearing on the issue.

¶ 7 The State, however, argues that defendant's ex-wife's testimony is irrelevant, and therefore should not be considered as a basis for allowing a hearing under section 76–3–201. The State also argues that post-divorce civil proceedings for delinquent child support payments should control the outcome of this case. We disagree with both arguments. Defendant's ex-wife's testimony may be unconvincing, but it is relevant. In determining whether and how much restitution is ordered, the trial court must "consider all relevant facts," Utah Code Ann. § 76–3–201(8)(b), including "other circumstances which the court determines make restitution inappropriate." *Id.* § 76–3–201(8)(c)(iv). To what extent a victim has been damaged is certainly a relevant consideration. A victim includes "any person whom the court determines has suffered pecuniary damages as a result of the defendant's criminal activities." *Id.* § 76–3–201(1)(e)(i). Defendant's ex-wife was a victim of defendant's nonsupport; thus, her testimony is relevant. Likewise, whether and to what extent the State was injured may also be taken into consideration at the hearing. *See State v. Dominguez,* 1999 UT App 343, ¶ 16, 992 P.2d 995 (holding "definition of 'victim' [under Utah Code Ann. § 76–3–201(1)(e)(i) ] was broad enough to include a[ ] [non-human]").

¶ 8 Similarly, this case is distinguishable from post-divorce proceedings for past due support. In those cases, the trial judge has little or no discretion in setting the amount due. *See Whitehead v. Whitehead,* 836 P.2d 814, 816 (Utah Ct.App.1992) ("Child and spousal support payments become unalterable debts as they accrue, and courts may not retroactively reduce or excuse past-due support obligations."). However, in restitution orders, a trial judge may set "full, partial, or nominal payment for pecuniary damages to a victim." Utah Code Ann. § 76–3–201(1)(d). Thus, a trial court has discretion to set the amount of restitution or to not require restitution at all; whereas a trial court has no discretion in a post-divorce proceeding for delinquent child support. Further, an order of restitution as a condition for probation differs in its impact from a civil judgment for delinquent support.

¶ 9 In remanding, it is important to note that a "full hearing" is required by the statute. *Id.* § 76–3–201(4)(e). A full hearing is not only statutorily required, it is necessary to establish a complete trial court record. *See Atiya v. Salt Lake County,* 988 F.2d 1013, 1020 (10th Cir.1993) (determining whether hearing was full, fair, and supported

by the record). The language of section 76–3–201(4)(e) is unambiguous and in accordance with case law, "we remand to the trial court to hold the required restitution hearing and to enter such order thereon as may be appropriate." *Haga,* 954 P.2d at 1289.

## CONCLUSION

¶ 10 The language of section 76–3–201(4)(e) is unambiguous and unconditional. If a defendant objects to a restitution amount at or before the sentencing hearing, the trial court must allow the defendant a full hearing on the issue. Both defendant and his counsel objected at the sentencing hearing; thus, a full hearing must be provided.

¶ 11 Accordingly, we remand for a restitution hearing and such order thereon as may be appropriate.

¶ 12 WE CONCUR: JUDITH M. BILLINGS, Judge, and WILLIAM A. THORNE, Jr., Judge.