2001 UT App 402

**STATE of Utah, Plaintiff and Appellee,**

v.

**Tara Kay MAST, Defendant and Appellant.**

No. 20000889–CA.

Court of Appeals of Utah.

Dec. 20, 2001.

---

Heather Johnson, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Jeanne B. Inouye, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., and BILLINGS and ORME, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶1 Defendant Tara Kay Mast pleaded guilty to receiving stolen property. The stolen property she received was part of several items stolen from the victim's home. Defendant was ordered to pay restitution for all items stolen in the burglary, as well as all damages claimed by the victim of the burglary, including bank fees and lost work time. She appeals the amount of the restitution order. We reverse and remand.

## BACKGROUND

¶2 The parties do not dispute the facts of this case.[1] On February 3, 2000, Deputy Hansen of the Salt Lake County Sheriff's Office responded to a forgery call at the Super Target store located at 7025 South Park Center Drive. Upon Deputy Hansen's arrival, store security personnel told him that defendant was in their custody for presenting a stolen check as payment for several items. The check was drawn on the account of Curtis Belnap. The deputy was aware that Mr. Belnap had been the victim of a recent burglary.

¶3 Deputy Hansen questioned defendant in the store security office. Defendant asked if she could leave and go to the restroom and asked if she could retrieve a feminine pad from her purse. Deputy Hansen asked if he could get it for her, and defendant pointed to a small black pouch. When the deputy picked up the pouch, defendant quickly grabbed it. The deputy informed defendant

---

1. The parties both cite the "Official Version of Offense" from the pre-sentence investigation re-   port.

that he needed to check the pouch. Defendant gave the deputy the pouch. Deputy Hansen found four men's rings and a gold pocket watch inside the pouch. Defendant claimed the items were hers. Mr. Belnap later confirmed that the rings and watch were items stolen from his home.

¶ 4 Defendant, after being advised of her rights, stated that a male friend had given her the rings, watch, and checks. However, she stated that she could not remember this friend's name, nor could she provide a description of him. Defendant represented that she and her daughter were at the store with this friend who gave her daughter the checks and told the daughter to use them to pay for their purchases at the store and then the friend left. Defendant admitted she knew the checks were stolen, but denied any knowledge of the burglary. Defendant was acquainted with Mr. Belnap.

¶ 5 Defendant was arrested and charged with Forgery, a third degree felony in violation of Utah Code Ann. § 76-6-501 (1999), and Theft by Receiving Stolen Property, a third degree felony in violation of Utah Code Ann. § 76-6-408 (1999). Defendant pleaded guilty to Receiving Stolen Property. In her plea, defendant admitted that she received the rings and the watch, valued at $1020.00. Defendant did not admit to possession of any other stolen property. Defendant was sentenced to 0 to 5 years in prison, which was suspended, 180 days in jail, and three years probation. Defendant was also ordered to pay $1200 in fines and fees; however, these were also suspended by the trial court. Finally, the trial court ordered defendant to pay restitution in the amount of $5090. This figure was the total value of property taken from Mr. Belnap, excluding the returned rings and watch, and for costs to replace the checks and lost wages resulting from time spent with his bank and the police.

¶ 6 Defendant objected to the restitution amount at the sentencing hearing. Defendant also filed a motion to alter or amend the judgment. In both her objections and motion, defendant argued that under the restitution statute she should pay only for those items resulting from her culpability. Because she did not plead to burglary and was not convicted for that crime, she argued she was not responsible for the restitution the trial court imposed. The trial court denied the motion. Defendant appeals.

**ISSUES AND STANDARDS OF REVIEW**

¶ 7 Defendant argues the trial court erred in requiring her to pay restitution for the items taken in the burglary, but never in her possession, and for lost wages and fees incurred by the victim relating to the burglary, because she did not admit responsibility for the burglary and was not convicted of the crime. Defendant first asserts that the trial court incorrectly interpreted Utah Code Ann. § 76-3-201(4)(a)(i) (1999) in ordering restitution. Under usual circumstances, "[a]n appellate court will not disturb a trial court's restitution order unless it exceeds that prescribed by law or otherwise abused its discretion." *State v. Breeze,* 2001 UT App 200, ¶ 5, 29 P.3d 19 (quotations and citations omitted). However, "[t]he proper interpretation of a statute is a question of law." *Rushton v. Salt Lake County,* 1999 UT 36, ¶ 17, 977 P.2d 1201. "Therefore, when reviewing an order ... involving the interpretation of a statute, we accord no deference to the legal conclusions of the district court but review them for correctness." *Id.*

¶ 8 Second, defendant argues the trial court violated her due process rights when it ordered her to pay restitution without her admission of culpability or conviction for the burglary. " 'Constitutional issues, including ... due process, are questions of law which we review for correctness.' " *In re Adoption of S.L.F.,* 2001 UT App 183, ¶ 9, 27 P.3d 583, (quoting *In re K.M.,* 965 P.2d 576, 578 (Utah Ct.App.1998)).

**ANALYSIS**

**I. RESTITUTION UNDER SECTION 76-3-201**

¶ 9 Defendant argues the trial court erred in ordering her to pay restitution beyond her admission to culpability. Restitution is governed by Utah Code Ann. § 76-3-201(4) (1999). This section provides in part:

When a person is convicted of criminal activity that has resulted in pecuniary damages, in addition to any other sentence it may impose, the court shall order that the defendant make restitution to victims of crime as provided in this subsection, or for conduct which the defendant has agreed to make restitution as part of a plea agreement.

*Id.* § 76–3–201(4)(a)(i). " 'Criminal activities' means any offense of which the defendant is convicted or any other criminal conduct for which the defendant admits responsibility to the sentencing court with or without an admission of committing the criminal conduct." *Id.* § 76–3–201(1)(b).

¶ 10 "We begin our analysis by examining the plain language of the applicable statutes and apply other methods of statutory interpretation only when the language is either ambiguous or inconsistent." *State v. Westerman,* 945 P.2d 695, 696 (Utah Ct.App. 1997) (interpreting Utah's restitution statute). "When examining a statute's plain language, we strive to give meaning to each section of the statute in order to give effect to all of the statute's terms." *Id.* at 697.

¶ 11 Defendant argues that under the plain language of the statute, she cannot be ordered to pay restitution in the amount ordered by the trial court. She pleaded guilty only to receiving stolen property, and in her plea she specifically admitted to receiving four rings and a watch. She also admitted receiving the stolen checks. However, she did not admit responsibility for the burglary, nor was she convicted for that crime. The restitution order is based on other property stolen ($4,650), the cost to replace the checks ($40), and defendant's lost work time ($400).

¶ 12 Defendant cites two cases in support of her argument, and we agree with defendant that these cases are dispositive. In the first, *State v. Watson,* 1999 UT App 273, 987 P.2d 1289 (per curiam), Watson was charged with criminal homicide, attempted criminal homicide, and obstruction of justice. *See id.* at ¶ 2, 987 P.2d 1289. Watson allegedly drove the co-defendants to and from the crime scene. *See id.* Watson pleaded guilty to the obstruction of justice charge. *See id.* The

trial court ordered Watson to pay restitution to the Victim's Reparation Fund. *See id.*

¶ 13 In reversing the restitution order, this court stated that under section 76–6–201(4), "[a] court may order restitution only if the defendant has been convicted of a crime that resulted in pecuniary damages and agrees to pay restitution *or* admits to the criminal conduct." *Watson,* 1999 UT App 273 at ¶ 3, 987 P.2d 1289. This court described the necessary elements that must be present for a trial court to order restitution:

To conclude that Watson admitted responsibility for the murder and that there was a sufficient nexus to hold her accountable to the victim's family for restitution, the trial court examined and made inferences about Watson's state of mind based on the evidence before it. However, the statute is more narrow. It does not ask the trial court to analyze a defendant's state of mind, but rather asks it to focus on admissions made to the sentencing court. In other words, the statute requires that responsibility for the criminal conduct be firmly established, much like a guilty plea, before the court can order restitution.... Without making inferences as the trial court did, it cannot be said that Watson admitted responsibility for the murder nor did she agree to pay restitution. Watson only admitted and pleaded guilty to the obstruction of justice charge for which there were no pecuniary damages. Thus, there was no firmly established admission of responsibility upon which to order Watson to pay restitution.

*Id.* at ¶ 5, 987 P.2d 1289.

¶ 14 The second case is *State v. Galli,* 967 P.2d 930 (Utah 1998). Galli was arrested and charged with armed robbery, and after he was released on a bond posted by his family, fled the state. *See id.* at 932. As a result, Galli's family lost $40,000 in cash and real estate. *See id.* After his capture and trial, Galli was ordered by the trial court to repay the $40,000 to his family. *See id.* The supreme court reversed.

¶ 15 The supreme court held, "the only way that [Galli's] family could be victims of bail jumping would be if Galli admitted responsibility for this crime." *Id.* at 937. The

supreme court rejected the State's argument that defense counsel's admission that Galli's flight from the State was an error in judgment constituted a valid basis for the restitution order. The court concluded:

> Because Galli did not admit responsibility for bail jumping, bail jumping is not a criminal activity for which restitution was proper under section 76–3–201(4)(a)(i). Moreover, members of Galli's family were not victims of any crime for which he was convicted or for which he admitted responsibility to the sentencing court. Thus, [the judge's] order of restitution was erroneous.

*Id.* at 937–38.

¶ 16 In the present case, Mr. Belnap was a victim of a burglary, a crime for which defendant was not convicted and for which she admitted no responsibility. The items received by defendant were returned to Mr. Belnap and defendant cannot, on the record before us and under the cases cited above, be held responsible for the other stolen items that remained missing.

¶ 17 Nevertheless, the State argues defendant's admissions during her sentencing meet the requirements of the restitution statute. The State cites defendant's acknowledgment to the court that her version of events was "far-fetched." The State argues that defendant thereby admitted she had more information regarding the burglary, but would not reveal it. The State also argues that this concealment could be held to be a further violation of the underlying crime of receiving stolen property because defendant aided in concealing other stolen property.

¶ 18 We disagree with the State's arguments. At most, defendant acknowledged that her explanation of the events preceding her arrest was not believable. However, this admission does not meet the standard of the cases cited above. "[T]he statute requires that responsibility for the criminal conduct be firmly established, much like a guilty plea, before the court can order restitution." *Watson,* 1999 UT App 273 at ¶ 5, 987 P.2d 1289. Given that defendant entered a guilty plea only to the receiving stolen property charge, she cannot be held to answer for all damages resulting from the burglary. Although defendant may have failed to be entirely forthcoming regarding her receipt of the property, the standard cited above does not allow a court to infer this as participation in the other crime. *See Galli,* 967 P.2d at 937–38. Therefore, the restitution order requiring defendant to pay for all items stolen in the burglary violates the plain language of the statute and must be reversed.

¶ 19 We therefore vacate the order of restitution and remand for a hearing to determine what pecuniary damages resulted from defendant's admitted conduct, specifically receiving the stolen property enumerated in her plea. The trial court shall determine what portion of Mr. Belnap's lost wages resulted from defendant's actions and whether defendant should be accountable for the bank charges Mr. Belnap incurred replacing the stolen checks found in defendant's possession.[2]

## II. REINSTATEMENT OF FINES ON REMAND

¶ 20 The State argues that if defendant is ordered to pay reduced restitution, this court should allow the trial court to reimpose the fine it originally suspended. The State cites statutory and case law demonstrating that a trial court may not impose a harsher sentence on remand after appeal. *See* Utah Code Ann. § 76–3–405(1) (1999); *State v. Sorensen,* 639 P.2d 179, 181 (Utah 1981). However, the State argues defendant's fine was suspended so that she could pay restitution, and now that restitution has been vacated the fine could be reinstated without defendant receiving a harsher sentence. Defendant argues the imposition of the suspended fine would violate her due process rights.

¶ 21 In *Sorensen,* the defendant was convicted at his first trial on for theft. *See id.* at 180. The defendant was sentenced to one to fifteen years, but the sentence was stayed on condition he serve six months in jail and pay

---

2.  In view of our resolution of defendant's appeal on statutory grounds we have no occasion to reach her constitutional argument.

$45,000 in restitution. He was also placed on two years probation. *See id.* The supreme court reversed the conviction and the defendant was retried and convicted again on all four counts. *See id.* After his second conviction, the defendant was again sentenced to one to fifteen years; however, no restitution or probation were ordered. The trial court also ordered the sentence to begin immediately. *See id.* The defendant appealed, arguing the second sentence was harsher than his original. *See id.* at 180–81.

¶ 22 In *Sorensen,* the State argued the second sentence was not harsher "so long as the combination of elements in the second sentence does not outweigh the combination in the original sentence." *Id.* at 181. The supreme court reversed and stated:

> [Section 76–3–201] means that no new element of sentence can be added and that no element can be augmented in magnitude. It also precludes justifying an increase in one element of a sentence by reference to a decrease in another element (in this case, elimination of restitution while increasing actual time to be served). This is because the possibility of such a tradeoff could act as a deterrent to appeal by an individual defendant.

*Id.*

¶ 23 As in *Sorensen,* the State is now arguing that the reduction in one element justifies the augmentation of another. In both *Sorensen* and this case, however, the State advocates allowing a previously suspended sentencing element to be imposed rather than suspended on resentencing. The State's argument directly contradicts the supreme court's decision in *Sorensen.* Therefore, we instruct the trial court on remand that, although restitution is to be reduced for the reasons stated above, no increase in the previously suspended fine amount may be imposed on defendant; nor may the trial court impose the previously suspended fine other than in accordance with the original terms of the court's sentencing order.

## CONCLUSION

¶ 24 The trial court erred in imposing the full restitution amount based on defendant's plea to receiving stolen property. Defendant may be ordered to pay restitution only for pecuniary damages resulting from the crime of receiving stolen property, and not for damages resulting from the burglary. The trial court may impose restitution for amounts proximately caused by defendant's conduct, specifically damages resulting from her possession of the victim's watch, rings, and checks. Finally, on remand, the trial court may not impose the previously suspended fine when the trial court reduces defendant's restitution.

¶ 25 Accordingly, the restitution order of the trial court is vacated and we remand this case to the trial court to conduct a restitution hearing in conformance with this opinion.

¶ 26 WE CONCUR: JUDITH M. BILLINGS, Judge and GREGORY K. ORME, Judge.