2002 UT App 342

STATE of Utah, Plaintiff and Appellee,

v.

Rollo Kent BICKLEY, Defendant and Appellant.

No. 20010416–CA.

Court of Appeals of Utah.

Oct. 18, 2002.

Kent R. Hart and Marnie D. Flores, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., Jeffrey S. Gray, and Nicholas J. Angelides, Asst. Attys. Gen., Salt Lake City, for Appellee.

Before Judges BENCH, GREENWOOD, and THORNE.

OPINION

BENCH, Judge:

¶ 1 Defendant appeals from a restitution order entered in connection with his conviction for criminal nonsupport, a class A misde-

meanor, in violation of Utah Code Ann. § 76–7–201 (1999).

## BACKGROUND

¶2 In 1994, the State prosecuted Defendant for failing to pay child support for the period between June 1, 1993 and March 31, 1994. Defendant and the State entered into a diversion agreement, which Defendant satisfied, and on October 27, 1995, that case was dismissed.

¶3 In 1999, the State again charged Defendant with criminal nonsupport. An Amended Information listed the nonpayment period from February 1, 1997 to January 10, 2000. Defendant entered a plea of guilty. Under the terms of the plea agreement, Defendant pleaded "guilty to the Count I of the Information and agree[d] that total victim restitution be entered in the amount of my obligation for child support arrears ... with the understanding that the amount of court[-]ordered restitution and monthly [payments] remain to be determined by the court." Defendant was apparently hoping that court-ordered restitution would be less than total victim restitution because health problems inhibited his ability to pay.

¶4 The Honorable Anne M. Stirba conducted the entry of plea hearing and, after conducting a colloquy, accepted Defendant's guilty plea. Prior to sentencing, Defendant filed a motion to determine the amount of restitution and to limit any award to the dates specified in the Amended Information and plea agreement. The Honorable Pat B. Brian presided at a hearing on this motion and conducted the sentencing hearing. Judge Brian denied Defendant's motion and determined that Defendant had agreed to pay "complete restitution," including arrearages that predated Defendant's marriage in 1985. Following this hearing, Defendant was ordered to pay restitution of approximately $32,000.[1] Defendant appeals, contending that the trial court erred in ordering restitution for arrearages accruing before February 1, 1997, which is the earliest date charged in the Amended Information.

1. Restitution was originally entered for $32,024 but, five months later, the trial court reduced the

## ISSUES AND STANDARDS OF REVIEW

¶5 Defendant argues that the trial court erred in ordering him to pay restitution for all child support arrearages dating back to 1983. We "will not disturb a trial court's restitution order 'unless it exceeds that prescribed by law or otherwise abused its discretion.' " *State v. Weeks,* 2000 UT App 273,¶7, 12 P.3d 110 (quoting *State v. Schweitzer,* 943 P.2d 649, 653 (Utah Ct.App. 1997) *cert. granted,* 21 P.3d 218 (Utah 2001)). However, we review a trial court's interpretation of restitution statutes for correctness. *See State v. Mast,* 2001 UT App 402,¶7, 40 P.3d 1143.

¶6 Second, Defendant argues that the trial court violated his constitutional rights when it ordered him to pay restitution for conduct not charged in the Amended Information and for conduct involved in a previous charge that was dismissed. "[T]he ultimate question of whether the trial court strictly complied with constitutional and procedural requirements for entry of a guilty plea is a question of law that is reviewed for correctness." *State v. Holland,* 921 P.2d 430, 433 (Utah 1996).

## ANALYSIS

### I. Restitution

¶7 " 'We begin our analysis by examining the plain language of the applicable statutes and apply other methods of statutory interpretation only when the language is either ambiguous or inconsistent.' " *Mast,* 2001 UT App 402 at ¶10, 40 P.3d 1143 (quoting *State v. Westerman,* 945 P.2d 695, 696 (Utah Ct. App.1997)). " 'When examining a statute's plain language, we strive to give meaning to each section of the statute in order to give effect to all of the statute's terms.' " *Id.* (quoting *Westerman,* 945 P.2d at 697).

¶8 A court may order restitution

[w]hen a person is convicted of criminal activity that has resulted in pecuniary

restitution order to $31,567.98.

damages, in addition to any other sentence it may impose, the court shall order that the defendant make restitution to the victims ..., or for conduct for which the defendant has agreed to make restitution as part of a plea agreement.

Utah Code Ann. § 76–3–201(4)(a)(i) (1999).[2] "Criminal activities means any offense of which the defendant is convicted or any other criminal conduct for which the defendant admits responsibility to the sentencing court...." Utah Code Ann. § 76–3–201(1)(b) (internal quotations omitted); *see also State v. Watson*, 1999 UT App 273,¶ 3, 987 P.2d 1289 (per curiam).

¶ 9 Under the Utah Code, a court can order a defendant to pay restitution "for conduct for which the defendant has agreed to make restitution as part of a plea agreement." Utah Code Ann. § 76–3–201(4)(a)(i). This restitution includes "any criminal conduct admitted by the defendant ... or to which the defendant agrees to pay restitution." Utah Code Ann. § 76–3–201(8)(a). According to the plain language of the statute, restitution can include payment for crimes not listed in the information so long as a defendant admits responsibility or agrees to pay restitution. *See id.* However, a defendant cannot be ordered to pay restitution for criminal activities for which the defendant did not admit responsibility, was not convicted, or did not agree to pay restitution. *See* Utah Code Ann. § 76–3–201.

■ ¶ 10 The terms of the plea agreement in this case stated "I [Defendant] will plead guilty to the Count I of the Information and agree that total victim restitution be entered in the amount of my obligation for child support arrears...." The Amended Information charged Defendant with criminal nonsupport for the dates of February 1, 1997 to January 10, 2000. The trial court's restitu-

tion order includes payment for dates prior to those alleged in the Amended Information. Payment for such arrearages is proper only if "responsibility for the criminal conduct be firmly established, much like a guilty plea, before the court can order restitution." *Watson*, 1999 UT App 273 at ¶ 5, 987 P.2d 1289; *see also* Utah Code Ann. § 76–3–201.

¶ 11 The State argues that "total victim restitution" is the equivalent of "complete restitution."[3] "Complete restitution means the restitution necessary to compensate a victim for *all losses* caused by the defendant." Utah Code Ann. § 76–3–201(4)(c)(i) (emphasis added). Therefore, according to the State's argument, responsibility for all arrearages is firmly established and proper under the statute. Defendant, on the other hand, argues that the trial court erred by imposing complete restitution without firmly establishing that Defendant agreed to pay restitution for arrearages in years not charged in the Amended Information. Defendant claims that "total victim restitution," as used in the plea agreement, only requires payment for the time period listed in the Amended Information and is not the equivalent of complete restitution.

■ ¶ 12 Based on our review of the plea agreement and the record, we cannot say that responsibility for all arrearages were firmly established. *See Mast*, 2001 UT App 402 at ¶ 18, 40 P.3d 1143; *Watson*, 1999 UT App 273 at ¶ 5, 987 P.2d 1289. "Without making inferences as the trial court did, it cannot be said that [Defendant in this case] admitted responsibility for" restitution prior to 1997. *Watson*, 1999 UT App 273 at ¶ 5, 987 P.2d 1289. Accordingly, we conclude that the trial court erred in requiring Defendant to pay restitution for arrearages outside the time period alleged in the Amended Information.[4]

---

2. We cite to the version of the statute in effect when Defendant entered his guilty plea in December of 2000. The 2002 amendment, effective May 6, 2002, renumbered and eliminated some sections.

3. The State also argues that Defendant understood that "total restitution" meant "complete restitution" because of defense counsel's statements. This argument fails. "[S]tatements of defense counsel" are not relevant to the "plain

wording of section 76–3–201(1)(b)[, which] requires that the '*defendant* admit[ ] responsibility to the sentencing court,' not to defense counsel." *State v. Galli*, 967 P.2d 930, 937 (Utah 1998) (citation omitted) (emphasis in original) (third alteration in original).

4. In light of this conclusion we need not address Defendant's constitutional arguments. In general, " '[a] constitutional question is not to be reached if the merits of the case in hand may be

## II. Remedy

¶ 13 The parties disagree as to what remedy is appropriate should we conclude that the trial court erred in ordering complete restitution without firmly establishing that Defendant agreed to pay for all arrearages. The State argues that we should vacate the guilty plea because "[D]efendant did not understand, or was not otherwise properly advised of, the ... sentence that may be imposed." In contrast, Defendant argues that we should remand this case for a new restitution hearing as we did in *State v. Patience*, 944 P.2d 381 (Utah Ct.App.1997).

¶ 14 In *Patience*, the defendant and the state entered into a plea agreement. *See id.* at 383. The agreement contained a "mistake as to the law in effect at the time the parties entered into the plea agreement." *Id.* at 388. The defendant argued that her conviction in the plea agreement was illegal "and that she should be resentenced according to the lesser penalty afforded by the amended statute in effect at the time of her sentencing." *Id.* at 384 (footnote omitted). The state, meanwhile, argued that the plea should be vacated due to the mistake. *See id.* at 385. We compared the plea agreement to a contract and concluded that the plea agreement was valid. *See id.* at 387–88 ("Under contract law, a party may not rescind an agreement based on mutual mistake where that party bears the risk of mistake.").

¶ 15 Defendant argues that the State bore the risk of mistake as to the meaning of "total victim restitution" so, according to *Patience*, we should remand for a restitution hearing. We disagree. Based on oral argument and from our review of the record, it is clear that there was no meeting of the minds as to the meaning of "total victim restitution." Therefore, the parties failed "to reach a mutually desirable agreement." *State v. West*, 765 P.2d 891, 896 (Utah 1988) (discussing how contract law principles are applicable to plea agreements); *see* 17A Am.Jur.2d *Contracts* § 31 (1991) ("Where after the parties have apparently agreed to the terms of a contract, circumstances disclosed a latent ambiguity in the meaning of an essential word by which one of the parties meant one thing and the other a different thing, the difference going to the essence of the supposed contract, the result is that there is no contract.") (footnote omitted). Additionally, unlike in *Patience*, the State in this case is not "generally in the better position to know" the meaning of the disputed term total victim restitution. *Patience*, 944 P.2d at 388.

¶ 16 Language in *State v. Bero*, 645 P.2d 44 (Utah 1982), is helpful to our analysis of the appropriate remedy in this case. In *Bero*, the supreme court stated:

> The court should understand clearly and make sure the parties understand clearly the terms which they have agreed to before acting upon the [plea] agreement. Where there is an error, frequently it can be most easily corrected by placing the parties in their original positions. As long as the defendant retains constitutional protections, no harm need be suffered.

*Id.* at 47. In this case, both parties to the plea agreement lacked clear understanding of certain terms to which they allegedly agreed. If an agreement is reasonably disputed, or if there is some misunderstanding, it is the responsibility of the trial court to assure that the agreement is clear to all parties before ordering restitution beyond that alleged in the information. *See id.* Because both parties lacked a clear understanding of what was meant by total victim restitution, this situation "can be most easily corrected by placing [Defendant and the State] in their original positions." *Id.*

## CONCLUSION

¶ 17 Accordingly, we vacate the plea agreement and remand to the trial court for further proceedings.

¶ 18 WE CONCUR: PAMELA T. GREENWOOD, and WILLIAM A. THORNE JR., Judges.

¶ 30, n. 8, 32 P.3d 976 (quoting *Hoyle v. Monson*, 606 P.2d 240, 242 (Utah 1980)).

fairly determined on other than constitutional issues.' " *State v. Webster*, 2001 UT App 238,-