2004 UT App 333

**STATE of Utah, Plaintiff and Appellee,**

v.

**William R. WALLACE, Defendant and Appellant.**

**No. 20021021–CA.**

Court of Appeals of Utah.

Sept. 30, 2004.

Margaret P. Lindsay and Patrick V. Lindsay, Aldrich Nelson Weight & Esplin, Provo, for Appellant.

Mark L. Shurtleff, Attorney General and Karen A. Klucznik, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BILLINGS, GREENWOOD, and ORME.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record[,] and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). Moreover, the issues presented are readily resolved under applicable law.

¶ 2 " 'An appellate court will not disturb a trial court's restitution order "unless it exceeds that prescribed by law or [the trial court] otherwise abused its discretion." ' " *State v. Breeze,* 2001 UT App 200,-¶ 5, 29 P.3d 19 (citations omitted).

When a person is convicted of criminal activity that has resulted in pecuniary damages, in addition to any other sentence it may impose, the court shall order that the defendant make restitution to the victims, or for conduct for which the defendant has agreed to make restitution as part of a plea agreement.

Utah Code Ann. § 76-3-201(4)(a) (2003). The term "[c]riminal activities" is defined as "any offense of which the defendant is convicted or any other criminal conduct for which the defendant admits responsibility to the sentencing court with or without an admission of committing the criminal conduct." *Id.* § 76-3-201(1)(b).

¶ 3 Therefore, "[a]ccording to the plain language of the statute, restitution can include payment for crimes not listed in the information so long as a defendant admits responsibility or agrees to pay restitution." *State v. Bickley,* 2002 UT App 342,¶ 9, 60 P.3d 582. Conversely, "a defendant cannot be ordered to pay restitution for criminal activities for which the defendant did not admit responsibility, was not convicted, or did not agree to pay restitution." *Id.* Additionally, "the statute requires that responsibility for the criminal conduct be firmly established[.]" *State v. Watson,* 1999 UT App 273,¶ 5, 987 P.2d 1289.

¶ 4 Defendant participated in a criminal episode that culminated in the death of a young woman, for which he was not charged, in addition to the kidnaping of her companion, for which he was charged and convicted. Clearly, but for the kidnaping of her companion by Defendant and others, the victim would likely not have been killed. Indeed, Defendant's trial counsel referred to the two crimes as being "intertwined." Against this background, at the sentencing hearing Defendant stated to the court: "I feel responsible for her dying. Do you know what I mean? I am not lying about that. I know there are some things that I could have did." This statement was enough to firmly establish that Defendant admitted personal responsibility for the death of the victim. The statute itself does not require the actual admission of guilt, and holding that Defendant must actually admit criminal guilt would render the latter part of the statute—the language "with or without an admission of committing the criminal conduct"—inoperable. Utah Code Ann. § 76-3-201(1)(b). *See State*

*v. Tooele County,* 2002 UT 8,¶ 10, 44 P.3d 680 ("[W]e 'avoid interpretations that will render portions of a statute superfluous or inoperative.' ") (citation omitted).

¶ 5 Any other result would allow Defendant to acknowledge responsibility for the victim's death for purposes of currying favor with the sentencing court, while avoiding the statutory implications of that responsibility. Defendant simply may not have it both ways. Affirmed.

¶ 6 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and PAMELA T. GREENWOOD, Judge.