2011 UT App 74

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kelly Tyson DAVIS, Defendant
and Appellant.**

No. 20090934–CA.

Court of Appeals of Utah.

March 24, 2011.

Rehearing Denied April 4, 2012.

Samuel P. Newton, Ogden, for Appellant.

Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Defendant Kelly Tyson Davis appeals his conviction for retail theft, a third degree felony given his prior convictions, see Utah Code Ann. § 76-6-602 (2008). On appeal, Defendant contends that it was plain error for the trial court not to find that the prosecutor had breached the plea agreement during the sentencing hearing. We conclude that there was a more fundamental problem regarding the plea agreement.

¶ 2 Trial courts have a responsibility to "understand clearly and make sure the parties understand clearly the terms which they have agreed to before acting upon the [plea] agreement." *State v. Bero*, 645 P.2d 44, 47 (Utah 1982). Here, although the plain language of the plea agreement appears unambiguous, we conclude that the agreement may have contained a latent ambiguity. The trial court failed to adequately address this potential ambiguity and thus did not ensure that the implications of the plea agreement

were clear before accepting it and proceeding to sentencing.[1]

¶ 3 Under the plain language of the plea agreement,[2] the prosecutor agreed to recommend that Defendant's sentence in this case "run concurrent [with the] Davis Co[unty]" sentence. "A concurrent sentence is one which runs simultaneously, in whole or in part, with another sentence." *Bullard v. Department of Corrs.*, 949 P.2d 999, 1002 (Colo.1997) (citation and internal quotation marks omitted). "When two sentences run concurrently, it merely means that, for each day in custody while serving both sentences, the [defendant] receives credit toward each sentence. Concurrent sentences do not necessarily begin and end at the same time-they simply run together during the time that they overlap." *Id.* Thus, pursuant to the apparent language of the plea agreement, the prosecutor was only obligated to recommend that for any time Defendant spent serving both this sentence and the Davis County sentence, he receive credit toward each. Accordingly, the prosecutor appeared to be free to recommend any type of sentence, including a prison term, as long as it ran simultaneously with the Davis County jail sentence.

¶ 4 Nevertheless, "Utah law does not strictly require courts to only view the terms of a contract within its *four corners*, according to their *plain meaning*," *Gillmor v. Macey*, 2005 UT App 351, ¶ 34, 121 P.3d 57 (emphases in original), *cert. denied*, 126 P.3d 772 (Utah 2005), particularly where an ambiguity potentially exists:

Under Utah law, if the initial review of the plain language of a contract, within its four corners, reveals no patently obvious ambiguities, the inquiry into whether an ambiguity exists in a contract does not always end there. Utah's rules of contract inter-

---

1. Different judges presided at the plea hearing and at sentencing. This is inconsequential. *See, e.g., Gillmor v. Wright*, 850 P.2d 431, 439–440 (Utah 1993) ("[T]wo judges [acting sequentially on a case], while different persons, constitute a single judicial office[.]'") (Orme, J., concurring).

2. We apply contract principles to interpret Defendant's plea agreement. *See State v. Patience*, 944 P.2d 381, 386 (Utah Ct.App.1997) ("Many

courts, including the Utah Supreme Court and the United States Supreme Court, have referred to plea agreements as contracts and have applied principles derived from contract law to plea agreements."). Courts generally look first to the plain language of a contract when determining that contract's meaning. *See Central Fla. Invs., Inc. v. Parkwest Assocs.*, 2002 UT 3, ¶ 12, 40 P.3d 599.

pretation allow courts to consider *any* relevant evidence to determine whether a latent ambiguity exists in contract terms that otherwise appear to be unambiguous. *Id.* ¶ 35 (emphasis in original).[3] "A latent ambiguity is one which 'appear[s] only as the result of extrinsic or collateral evidence showing that a word, thought to have but one meaning, actually has two or more meanings.'" *Connect Communications Corp. v. Southwestern Bell Tel., LP,* 467 F.3d 703, 710 (8th Cir.2006) (alteration in original) (citation omitted). Here, although the plain language of the plea agreement appears unambiguous, there is sufficient evidence from the plea hearing to conclude that the parties may not have been using "concurrent" as a term of art, with the settled meaning outlined above. *See Ward v. Intermountain Farmers Ass'n,* 907 P.2d 264, 268 (Utah 1995) (explaining that "[a]lthough the terms of an instrument may seem clear to a particular reader ... this does not rule out the possibility that the parties chose the language of the agreement to express a different meaning").

▪ ¶ 5 Specifically, during the plea hearing, Defendant's counsel explained to the court that under the plea agreement, the State promised not to "oppose the sentence [in this case] running concurrent with the year [Defendant was already] serving in Davis County Jail." The following exchange regarding the plea agreement then took place:

> The Court: You understand that the sentence that I will impose will be a prison commitment—is that what I understood?
>
> [Defense Counsel]: No, no, he's doing a year in the Davis County Jail.
>
> [The Court]: Oh, I misunderstood. Excuse me. Okay. Didn't mean to give you a panic attack, but—

> [Defendant]: Mean my heart jumped out of my chest.
>
> [Defense Counsel]: Mine, too.

Had the parties been using "concurrent" to merely mean simultaneous, Defendant and his counsel would not likely have expressed such surprise at the trial court's restatement of the plea agreement as permitting a prison term recommendation, nor would Defendant's counsel have clarified to the court that prison was not contemplated under the plea agreement because Defendant was already "doing a year in the Davis County Jail." Moreover, had the prosecutor been free to recommend any sentence as long as it ran concurrently—in the traditional sense—with Defendant's Davis County sentence, he presumably would have objected to defense counsel's intimation that a prison sentence was not permitted under the plea agreement, rather than remaining silent on the issue.[4] Instead, defense counsel's unchallenged statement that Defendant was already "doing a year in the Davis County Jail" suggests that the prosecutor agreed to recommend a sentence coextensive with or identical to the Davis County sentence, or, at the very most, a *jail* sentence to be served concurrently with the Davis County sentence, rather than a prison term. Moreover, the trial court's statement, "Oh, I misunderstood," was insufficient to identify and resolve the tension that existed between the plain language of the plea agreement and the potentially ambiguous use of the term "concurrent." *See Gillmor,* 2005 UT App 351, ¶ 38, 121 P.3d 57 (explaining that once a contract has been determined to be ambiguous, the intended meaning of a contract term is a question of fact determined by extrinsic evidence, findings of fact, and conclusions based on those findings).

3. Indeed, "Utah no longer strictly applies the ... 'plain meaning rule'"; rather, that rule is "just part of the initial inquiry to determine whether an ambiguity exists in contract language." *Gillmor v. Macey,* 2005 UT App 351, ¶ 35 n. 14, 121 P.3d 57, *cert. denied,* 126 P.3d 772 (Utah 2005). Moreover, courts are particularly willing to identify ambiguities in plea agreements "because of the significant constitutional rights the defendant waives by entering a guilty plea." *State v. Kaufman,* 185 W.Va. 72, 404 S.E.2d 763, 768 (1991).

4. Although the prosecutor claimed at the later sentencing hearing that the language of the plea agreement allowed him to recommend a prison term, the prosecutor who entered into the plea agreement was not the same prosecutor who appeared at the sentencing hearing. While the two prosecutors may have understood the plea agreement differently, plea agreement interpretation generally favors the defendant, *see State v. Patience,* 944 P.2d 381, 387 (Utah Ct.App.1997).

¶ 6 In sum, because the trial court accepted the plea agreement and proceeded to sentencing without resolving the potentially ambiguous use of the term "concurrent," the trial court did not adequately ensure that the plea agreement was clear. We therefore remand for the trial court to hold an evidentiary hearing or otherwise ascertain the precise terms of the plea agreement, and for such other proceedings as may then be appropriate.

¶ 7 WE CONCUR: STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN, Judges.