2011 UT App 227

STATE of Utah, Plaintiff and Appellee,

v.

Michael J. BIRKELAND, Defendant and Appellant.

No. 20090766–CA.

Court of Appeals of Utah.

July 14, 2011.

Michael S. Brown and Margaret P. Lindsay, Provo, for Appellant.

Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and ROTH.

## OPINION

THORNE, Judge:

¶ 1 Michael J. Birkeland appeals from the district court's order of restitution arising from Birkeland's no contest plea to a single charge of theft. *See* Utah Code Ann. § 76–6–404 (2008). We affirm.

## BACKGROUND

¶ 2 On April 3, 2008, Birkeland stole a laptop computer from a Utah Valley University (UVU) classroom. The computer belonged to UVU art professor Perry Stewart and contained numerous files relating to Stewart's employment. When authorities recovered the computer two days later, nearly all of its files had been deleted.

¶ 3 Stewart undertook considerable efforts to recover the lost files. He first took the computer to Mac Docs, a service center, which succeeded in recovering some 27,000 files. However, the recovered files were no longer named or organized, and Stewart spent approximately 350 hours renaming and reorganizing the files. Additionally, over 100 PowerPoint presentations that Stewart used in his teaching were not recoverable, and he was forced to recreate them individually. Each presentation took at least six hours to recreate.

¶ 4 Birkeland was charged with the theft of Stewart's computer and pleaded no contest. The district court conducted a restitution hearing, after which the parties were ordered to brief their positions on the amount of restitution to be awarded. The State requested restitution of $80 to UVU for the recovery services performed by Mac Docs and $47,500 to Stewart. The proposed restitution to Stewart represented the 350 hours he had spent renaming and reorganizing the recovered files, as well as 600 hours spent recreating the unrecoverable PowerPoint presentations, all calculated at an hourly rate of $50 per hour. The State argued that the value of Stewart's labor was properly included in the restitution amount and that Stewart's losses were attributable to Birkeland's criminal activity, i.e., the theft of the computer.

¶ 5 Birkeland did not oppose the $80 in restitution to UVU for the Mac Docs recovery services but did oppose any restitution award to Stewart. He argued that Stewart had suffered no pecuniary damages as required by Utah's restitution statute because he was a salaried employee and was therefore already compensated for his time spent recreating the computer files. Birkeland further argued that any loss over $1000 could not be attributed to his criminal act of theft because he had not admitted to damaging the computer files and because he had only pleaded guilty to a charge of class A misdemeanor theft. *See id.* § 76–6–412(1)(c) (2008) (classifying class A misdemeanor theft as the theft of property valued between $300 and $1000).

¶ 6 After hearing oral arguments, the district court ruled that restitution for Stewart's labor was proper, as the value of the labor constituted pecuniary damages that Stewart could recover in a civil action. The court also ruled that Birkeland's plea to a class A misdemeanor did not limit restitution to $1000. The court then calculated Stewart's restitution award based on the court's adjustments to Stewart's wage and hour claims. The court determined that approximately 25% of the total hours claimed—238 out of 950—were extra hours beyond those which Stewart would ordinarily have spent on file maintenance as part of his salaried position. The court also determined that Stewart's hourly compensation rate was approximately $41 per hour rather than the $50 per hour claimed. Accordingly, the court calculated

Stewart's losses arising from the theft of the computer to be $9758 and awarded restitution to Stewart in that amount. Birkeland appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 7 Birkeland argues that the district court erred in awarding restitution to Stewart because, as a salaried UVU employee, Stewart suffered no pecuniary harm due to the loss of the files. Birkeland also argues that restitution was inappropriate because he did not admit to, plead guilty to, or agree to liability for any act that directly resulted in the loss of the computer files. " '[W]hether a restitution [award] is proper … depends solely upon interpretation of the governing statute, and the trial court's interpretation of a statute presents a question of law, which we review for correctness.' " *State v. Larsen,* 2009 UT App 293, ¶ 4, 221 P.3d 277 (second alteration and omission in original) (quoting *State v. Miller,* 2007 UT App 332, ¶ 6, 170 P.3d 1141). "We review a trial court's findings of fact under a clearly erroneous standard and will not upset them unless they are against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made…." *State v. Chavez,* 840 P.2d 846, 848 (Utah Ct.App.1992) (internal quotation marks omitted).

## ANALYSIS

¶ 8 Birkeland first argues that the district court erred in concluding that Stewart suffered pecuniary damages as a result of the loss of the computer files. According to Birkeland, Stewart's status as a salaried employee rendered the time he spent renaming and recreating the lost files noncompensable for restitution purposes, as Stewart was already compensated for such work-related matters through his UVU salary. Thus, Birkeland alleges that Stewart suffered inconvenience but did not suffer pecuniary damages as required by Utah's restitution statute.

¶ 9 Utah law allows restitution awards in criminal cases for "pecuniary damages" that result from a defendant's criminal activity.

*See* Utah Code Ann. § 77–38a–302(1) (2008). "Pecuniary damages" are defined as

> all demonstrable economic injury, whether or not yet incurred, which a person could recover in a civil action arising out of the facts or events constituting the defendant's criminal activities and includes the fair market value of property taken, destroyed, broken, or otherwise harmed, and losses including lost earnings and medical expenses, but excludes punitive or exemplary damages and pain and suffering.

*Id.* § 77–38a–102(6). The value of labor necessitated by another's culpable conduct has been recognized as a form of economic injury that is amenable to inclusion in a restitution award. *See In re Johnny M.,* 100 Cal. App.4th 1128, 1134, 123 Cal.Rptr.2d 316 (Cal. Ct.App.2002); *see also State v. Clark,* 2003 UT App 387U, para. 5, 2003 WL 22682071 (mem.) (affirming restitution award for labor costs where victim "had to use its employees to respond [to the defendant's criminal acts]").

■ ¶ 10 Here, Birkeland does not argue that the value of Stewart's labor does not constitute a recoverable expense. Rather, he argues that Stewart did not suffer any loss because he was already compensated for his time through his UVU salary. However, the district court expressly adjusted Stewart's claims so as to limit restitution to hours that Stewart was forced to spend *above and beyond* those which would ordinarily have been expected of him as a salaried employee. Thus, the district court found that Stewart himself had suffered an economic injury as a result of the computer theft and properly awarded Stewart restitution for that injury.

¶ 11 Birkeland next argues that he did not admit to damaging or deleting Stewart's computer files but instead pleaded no contest only to the theft of Stewart's computer.

> Utah has adopted a modified but for test to determine whether pecuniary damages actually arise out of criminal activities, [requiring] that (1) the damages would not have occurred but for the conduct underlying the … [defendant's] conviction and (2) the causal nexus between the [criminal] conduct and the loss … is not too attenuated (either factually or temporally).

*State v. Brown,* 2009 UT App 285, ¶ 11, 221 P.3d 273 (alterations and omissions in original) (internal quotation marks omitted). The circumstances of Birkeland's theft conviction readily support an award of restitution for the loss of the files under our modified but for test.

¶ 12 It is clear from the record that but for Birkeland's theft of the computer, the files would not have been lost. The more difficult question is whether the causal connection between Birkeland's admitted criminal activity and the pecuniary loss caused by the deletion of the files is so attenuated that it will not support an award of restitution. The files were intact when the computer was taken by Birkeland and were missing two days later when it was recovered from his possession. The deletion of the files was also consistent with efforts to render the computer suitable for resale by clearing its memory. Thus, the file deletion is consistent with Birkeland's admitted intent to steal the computer and, presumably, sell it. These circumstances demonstrate a sufficient causal connection between the theft of the computer and the loss of the files to support the district court's order of restitution. *Cf. id.* ¶¶ 9–12 (holding that victim's relocation expenses were not caused by the defendant's assault some eight months earlier); *State v. Mast,* 2001 UT App 402, ¶ 18, 40 P.3d 1143 (concluding that defendant convicted of theft by receiving could not be held liable in restitution for the total value of property stolen from victim where defendant only admitted to receiving some of the stolen property).

¶ 13 Here, we cannot say that the district court clearly erred in finding that the loss of the files was sufficiently related to Birkeland's admitted criminal conduct to support a restitution award. As noted above, the files were deleted during the short time that Birkeland possessed the stolen computer, and deletion of the files was consistent with an intent to restore the stolen computer to a saleable condition. Under these circumstances, the district court did not "exceed[ the amount of restitution] prescribed by law or otherwise abuse[ ] its discretion." *See Mast,* 2001 UT App 402, ¶ 7, 40 P.3d 1143 (internal quotation marks omitted).

CONCLUSION

¶ 14 We conclude that the district court's restitution award against Birkeland was proper. The district court carefully considered the evidence of Stewart's loss and appropriately adjusted the amounts claimed to ensure that the restitution award encompassed only pecuniary damages actually suffered by Stewart. Further, Birkeland's admission to the theft of the computer provided an adequate basis for an award of restitution for the loss of files that occurred while the stolen computer was in Birkeland's possession. For these reasons, we affirm the district court's restitution order.

¶ 15 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and STEPHEN L. ROTH, Judge.