2009 UT App 293

**STATE of Utah, Plaintiff and Appellee,**

v.

**Brian Dale LARSEN, Defendant and Appellant.**

**No. 20080519–CA.**

Court of Appeals of Utah.

Oct. 16, 2009.

---

Lori J. Seppi and Michael Misner, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Kenneth A. Bronston, asst. atty. gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., BENCH and DAVIS, JJ.

## MEMORANDUM DECISION

GREENWOOD, Presiding Judge:

¶ 1 Defendant Brian Dale Larsen was pulled over by a police officer after running a red light. When the officer asked about the vehicle, Defendant stated it belonged to a friend and he had borrowed it that night. After checking the vehicle identification number, the officer learned the vehicle had been reported stolen six days earlier. Defendant stated he had "no idea" the vehicle was stolen.

¶ 2 Defendant was charged with one count of Theft by Receiving Stolen Property, one count of Unlawful Possession of Burglary Tools, and one count of Failure to Stop for a Red Light. He pleaded guilty to one count of Joyriding with Intent to Temporarily Deprive the Owner, a class A misdemeanor, and one count of Unlawful Possession of Burglary Tools, a class B misdemeanor. Defendant's presentence investigation report (PSI) included Defendant's handwritten statement that he and a friend would "still things that wher not ares [steal things that were not ours]" and "it was not only ther car that I was tacking it was ther life maby ther job

and somthing they have worked for for a long time [it was not only their car that I was taking, it was their life, maybe their job, and something they have worked for for a long time]."

¶3 The trial court ordered Defendant to pay $3554.50 in restitution—the sum of the towing, repairs, labor, parts, and detailing costs. Defendant appeals the restitution order, arguing that he should not be required to pay the full $3554.50 because he was not charged with or convicted of theft, did not admit responsibility for damage to the vehicle, and did not agree to pay for those damages.[1] Defendant asserts he is responsible only for $282—the impound and towing costs.

 ¶4 "[W]hether a restitution [award] is proper ... depends solely upon interpretation of the governing statute, and the trial court's interpretation of a statute presents a question of law, which we review for correctness." *State v. Miller*, 2007 UT App 332, ¶6, 170 P.3d 1141 (omission and second alteration in original) (internal quotation marks omitted). Nevertheless, "a reviewing court will not disturb a [trial] court's determination unless the court exceeds the authority prescribed by law or abuses its discretion." *State v. Laycock*, 2009 UT 53, ¶10, 214 P.3d 104.

¶5 Restitution is governed by Part 3 of the Crime Victims Restitution Act, found in Utah Code sections 77–38a–101 to –502. *See* Utah Code Ann. § 77–38a–101 to –502 (2008 & Supp.2009). Utah Code section 77–38a–302 contains restitution criteria. *See id.* § 77–38a–302 (2008). The relevant portions of that section state:

(1) When a defendant is convicted of criminal activity that has resulted in pecuniary damages, in addition to any other sentence it may impose, the court shall order that the defendant make restitution to victims of crime as provided in this chapter, or for conduct for which the defendant has agreed to make restitution as part of a plea disposition....

(2) In determining restitution, the court shall determine complete restitution and court-ordered restitution.

(a) "Complete restitution" means restitution necessary to compensate a victim for all losses caused by the defendant.

(b) "Court-ordered restitution" means the restitution the court having criminal jurisdiction orders the defendant to pay as a part of the criminal sentence at the time of sentencing or within one year after sentencing.

. . . .

(5) (a) For the purpose of determining restitution for an offense, the offense shall include *any criminal conduct admitted by the defendant* to the sentencing court *or to which the defendant agrees to pay restitution.*

*Id.* § 77–38a–302 (emphasis added).

 ¶6 "Criminal activities" include "any offense of which the defendant is convicted or any other criminal conduct for which the defendant admits responsibility to the sentencing court with or without an admission of committing the criminal conduct." *Id.* § 77–38a–102(2). This definition is central to our analysis because "a defendant cannot be ordered to pay restitution for criminal activities for which the defendant did not admit responsibility, was not convicted, or did not agree to pay restitution." *State v. Bickley*, 2002 UT App 342, ¶9, 60 P.3d 582; *see also* Utah Code Ann. § 76–3–201 (2008).

 ¶7 We consider only whether Defendant's statement in the PSI amounts to the statutorily prescribed "criminal conduct admitted by the defendant," because he did not agree to pay for these amounts and he was not convicted of theft. The trial court determined, however, that Defendant *did* admit to theft in the PSI, where he indicated he and his friend stole things. Furthermore, at the restitution hearing, despite admitting that it did not have evidence that Defendant stole the vehicle, the prosecutor argued that the trial court

---

1. Because of our disposition in this case, we need not address the second issue, in which Defendant argued that his restitution should be capped at $500 because joyriding is a class A misdemeanor with maximum damages of $500, *see* Utah Code Ann. § 41–1a–1314 (2005).

must assume that the damage that was done to the vehicle was done while the defendant was in possession of that vehicle.... I think the assumption is and should be that he was in possession of the vehicle the entire time. There's no evidence that there's anyone else in possession of the vehicle.... And as such then I think he is responsible for any damage that was done to the vehicle from the time it was stolen until the time it was recovered.

¶ 8 On appeal, Defendant argues that the trial court and prosecutor's rationale requires an inference, which is impermissible under *State v. Mast*, 2001 UT App 402, 40 P.3d 1143. In *Mast*, the defendant pleaded guilty to receiving stolen property. *See id.* ¶ 1. The items she admitted receiving were among those reported in a recent burglary. *See id.* The defendant offered a far-fetched and somewhat unbelievable explanation of how she got the property, but never admitted to having stolen it herself. *See id.* ¶¶ 5, 17–18. The trial court ordered her to pay restitution for all the items that had been reported stolen in the burglary, as well as the victim's lost wages. *See id.* ¶ 5. This court reversed, stating:

> Given that defendant entered a guilty plea only to the receiving stolen property charge, she cannot be held to answer for all damages resulting from the burglary. Although defendant may have failed to be entirely forthcoming regarding her receipt of the property, the [restitution] standard ... does not allow a court to infer this as participation in the other crime.

*Id.* ¶ 18. We concluded that the defendant could be ordered to pay only "restitution for amounts proximately caused by [her] conduct, specifically damages resulting from her possession" of those limited items. *Id.* ¶ 24.

¶ 9 We agree with Defendant that his PSI statements do not amount to an admission of theft in this case. The statements are too broad; they describe an overall mode of operation rather than an admission to this particular theft. One can only conclude that

Defendant admitted to stealing *this* vehicle through inference, which *Mast* prohibits. Because Defendant has not admitted to theft, he cannot be ordered to pay restitution on the damages resulting from the theft itself.

¶ 10 The State also asserts that Defendant can be ordered to pay restitution for all damages because the owner of the stolen vehicle could have brought a civil action for conversion or trespass to a chattel against Defendant, and Utah Code section 77–38a–302(1) allows restitution "[w]hen a defendant is convicted of criminal activity that has resulted in pecuniary damages." Utah Code Ann. § 77–38a–302(1) (2008). Utah Code section 77–38a–102(6) defines "pecuniary damages" as "all demonstrable economic injury, whether or not yet incurred, which a person could recover *in a civil action* arising out of the facts or events constituting the defendant's criminal activities." *Id.* (emphasis added). Nevertheless, Utah Code section 77–38a–302 still requires that a defendant admit to the crime or agree to pay restitution, which Defendant has not done. *See id.* § 77–38a–302(5)(a).[2]

¶ 11 We therefore reverse and remand for action consistent with this opinion.

¶ 12 WE CONCUR: RUSSELL W. BENCH and JAMES Z. DAVIS, Judges.

---

2. Even in a civil action, a victim would have to establish that Defendant was responsible for damages attributable to the theft.