2008 UT App 118

**STATE of Utah, Plaintiff and Appellee,**

v.

**Richard W. HIGHT Jr., Defendant and Appellant.**

No. 20060919–CA.

Court of Appeals of Utah.

April 3, 2008.

Margaret P. Lindsay, Orem, for Appellant.

Mark L. Shurtleff, atty. gen., and Kenneth A. Bronston, asst. atty. gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., THORNE, Associate P.J., and BILLINGS, J.

## MEMORANDUM DECISION

GREENWOOD, Presiding Judge:

¶ 1 Defendant Richard W. Hight Jr. appeals the amount of restitution the trial court ordered subsequent to his guilty pleas to burglary, possession of a controlled substance with intent to distribute, and criminal mischief. We affirm.

¶ 2 "Trial courts are vested with wide latitude and discretion in sentencing, and [appellate courts] will not disturb a trial court's restitution order unless it exceeds that prescribed by law or otherwise abused its discretion." *State v. Corbitt,* 2003 UT App 417, ¶ 6, 82 P.3d 211 (citation and internal quotation marks omitted). A trial court will be deemed to have abused its discretion only if "no reasonable [person] would take the view adopted by the trial court." *Id.* (alteration in original) (internal quotation marks omitted).

¶ 3 Defendant argues that the trial court erred by including in its restitution calculation items missing from the premises he admitted to burglarizing. Defendant asserts that the restitution is based, in part, on items for which he was never convicted, did not admit responsibility, and did not agree to pay restitution as part of his plea agreement.[1] When an individual pleads guilty to "criminal activity that has resulted in pecuniary damages," the trial court "shall order that the defendant make restitution to the victims." Utah Code Ann. § 76–3–201(4)(a) (2007). "However, a defendant cannot be ordered to pay restitution for criminal activities for which the defendant did not admit responsibility, was not convicted, or did not agree to pay restitution." *State v. Bickley,* 2002 UT App 342, ¶ 9, 60 P.3d 582. Furthermore, the restitution statute "requires that responsibility for the criminal conduct be firmly established, much like a guilty plea, before the court can order restitution." *State v. Watson,* 1999 UT App 273, ¶ 5, 987 P.2d 1289 (per curiam). In determining the appropriate amount of restitution, trial courts are required to consider, inter alia, the cost of loss to the victim. *See* Utah Code Ann. § 77–38a–302(5)(b)(i) (Supp.2007). "[T]he measure of damages is flexible, allowing trial courts to fashion an equitable award to the victim." *Corbitt,* 2003 UT App 417, ¶ 14, 82 P.3d 211.

¶ 4 Defendant argues that although he admitted to burglary and stealing marijuana, he never admitted to stealing a watch, a set of keys, or a silver dollar collection. Thus, he argues that the trial court erred in ordering him to pay restitution for those items. In essence, Defendant argues that, following a guilty plea for a broad offense such as burglary, his responsibility for any particular missing items must "be firmly established ... before the court can order restitution [for them]." *Watson,* 1999 UT App 273, ¶ 5, 987 P.2d 1289.

¶ 5 The State, however, asserts that it is only the initial crime for which liability must be legally certain. We agree. Once Defendant pleaded guilty to burglary, the trial court acted within its broad discretion, after reviewing the evidence presented at the restitution hearing, in ordering restitution for any pecuniary damages clearly resulting from the burglary. *Cf. Corbitt,* 2003 UT App 417, ¶ 16, 82 P.3d 211 (upholding a restitution award based on the pecuniary damages actu-

---

1. Neither party contends that Defendant was convicted of stealing these additional missing items, and the State does not argue that Defendant agreed to pay restitution for them as part of his plea agreement.

ally incurred by the victim in excess of the loss valuation as assessed by the insurance company). As such, the restitution order can be reversed only if, after reviewing the evidence presented at the restitution hearing, the appellate court determines that "no reasonable person would take the view adopted by the trial court." *Id.* ¶ 6 (alteration and internal quotation marks omitted).

¶ 6 Only the homeowner testified at the restitution hearing. He testified that upon inspecting the damage, he discovered that, among other things, a watch, keys, and a silver dollar collection were missing. Although his testimony was entirely circumstantial,[2] it was unopposed, a fact that the trial court appropriately considered. Defendant presented no witnesses at the hearing and presents no record evidence on appeal that the homeowner's testimony was so lacking that "no reasonable person would take the view adopted by the trial court," *id.* (alteration and internal quotation marks omitted). Thus, in light of the homeowner's actual loss and the trial court's authority "to fashion an equitable award to the victim," *id.* ¶ 14, we hold that the trial court did not abuse its discretion in ordering restitution as it did.

¶ 7 Although not necessary for disposition of this appeal, we briefly address the State's alternative argument in the hope of shedding some light on future best practices. The State contends that Defendant "essentially acknowledged responsibility for" the other missing items when he admitted to the factual basis in support of his pleas, by stating that he "in fact stole a stash of marijuana, and other items throughout the home were also discovered missing." However, although Defendant readily admitted responsibility for his criminal actions,[3] his attorney objected at both the sentencing and the restitution hearing to the inclusion of these other items in the restitution order. Thus, it is unlikely that Defendant admitted responsibility for these additional missing items solely by admitting to the factual basis for his pleas. Because Defendant objected, an evidentiary hearing took place, and it was this hearing, not the plea, that provided a sufficient basis for the restitution order.

¶ 8 We affirm.

¶ 9 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge, and JUDITH M. BILLINGS, Judge.

---

2. The homeowner "brought no proof with him ... other than his word."

3. Specifically, and exclusively, Defendant admitted to breaking into, burglarizing, and stealing marijuana from the homeowner's residence.