2009 UT App 271

STATE of Utah, Plaintiff and Appellee,

v.

Corey Edward HARVELL, Defendant and Appellant.

No. 20070967–CA.

Court of Appeals of Utah.

Sept. 24, 2009.

Debra M. Nelson and Heather A. Brereton, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kenneth A. Bronston, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges BENCH, ORME, and McHUGH.

## OPINION

McHUGH, Judge:

¶ 1 Corey Edward Harvell was convicted of attempted theft by receiving stolen property—an automobile. As part of his sentence, Harvell was ordered to pay restitution to the victim in the amount of $763.24. We reverse the trial court's restitution order and remand to the trial court to reduce the amount of restitution to $94.95.

## BACKGROUND

¶ 2 In February 2007, Victim left her car at the residence of Friend while she was vacationing in Italy. When she left the vehicle, Victim locked the doors and gave the keys to Friend. Victim reported that the car "was running fine" at that time. Five days later, Friend's house was broken into and Victim's car was stolen. Friend reported the stolen vehicle to the police.

¶ 3 The following day, Witness saw a vehicle, which was the same color and model as Victim's, parked in front of his house. As he approached, Witness encountered Harvell, who was exiting the house. Noticing that a window was open in the house, Witness recorded the vehicle's license plate number before Harvell left the scene. Witness then entered his residence, where he discovered that it had been ransacked and a new flat screen television and a carton of cigarettes had been stolen. He called the police and reported the incident.

¶ 4 Sometime later that day, a man, walking his dog near an apartment complex, found a box of checks with Witness's name and telephone number on them. The man called the phone number on the checks and reached Witness, who notified the police. When the police responded to the apartment complex where the checks were found, they located the stolen vehicle. The officers spoke with the tenant of the apartment who used the parking stall where the car was found. Although the tenant initially denied knowing anything about the vehicle, she eventually allowed the officers to search her apartment. The police located Harvell in the bedroom, took him into custody, and impounded the vehicle.

¶5 Because Victim had not yet returned when the car was recovered, Friend and another friend of Victim's (collectively, Friends) retrieved the car from the impound lot. One week later, Victim returned and inspected her vehicle. She "immediately noticed the alignment [of the vehicle] was off, [her iPod nano] was broken . . ., and the gas tank was empty." After driving the vehicle for one week, Victim "noticed a screeching noise by [the] front passenger side tire" when she pressed the brakes. Victim delayed having the vehicle repaired until April 2007, at which time the vehicle was "almost impossible to drive" and both brakes, the calipers, and the rotors (collectively, the brake system) had to be replaced.

¶6 Harvell was charged by Information on March 6, 2007, with one count of burglary, one count of theft by receiving stolen property, and one count of theft. Harvell pleaded guilty to attempted burglary and attempted theft by receiving stolen property—the vehicle. In addition to receiving two concurrent, indeterminate prison sentences of not more than five years, Harvell was ordered to pay $763.24 in restitution to Victim to cover the cost of the brake system repair and alignment—$539.24; a tank of gasoline—$25.00;[1] and the broken iPod—$199.00.[2]

## ISSUE AND STANDARDS OF REVIEW

¶7 Harvell challenges the trial court's restitution order, claiming it was improper for the trial court to order him to pay restitution for the replacement of the iPod and the brake system repairs.[3]

[An appellate court] will not disturb a trial court's order of restitution unless the trial court exceeds the authority prescribed by law or abuses its discretion. Furthermore, [w]hether a restitution [award] is proper . . . depends solely upon interpretation of the governing statute, and the trial court's interpretation of a statute presents a question of law, which [this court] review[s] for correctness.

*State v. Miller*, 2007 UT App 332, ¶6, 170 P.3d 1141 (second and third alterations and omission in original) (citation and internal quotation marks omitted).[4]

## ANALYSIS

¶8 Utah law allows a trial court to order restitution "[w]hen a defendant is convicted of criminal activity that has resulted in pecuniary damages . . . or for conduct for which the defendant has agreed to make restitution as part of a plea disposition." Utah Code Ann. § 77–38a–302(1) (2008); *accord* Utah Code Ann. § 76–3–201(4)(a) (2008).[5] " 'Criminal activit[y]' means any offense of which the defendant is convicted or any other criminal conduct for which the defendant admits responsibility to the sentencing court with or without an admission of committing the criminal conduct." Utah Code Ann. § 77–38a–102(2) (2008). Pecuniary damages are

all demonstrable economic injur[ies], whether or not yet incurred, which a person could recover in a civil action arising out of the facts or events constituting the defendant's criminal activities and includes the fair market value of property taken, destroyed, broken, or otherwise harmed,

1. Harvell did not appeal the trial court's order to reimburse Victim for the tank of gasoline, and we do not consider it further.

2. Harvell was also ordered to pay restitution in connection with the attempted burglary plea. That restitution order was not challenged on appeal.

3. The brake system repairs cost $469.29, and the cost of the realignment was $69.95. Although Harvell challenged the realignment expense at oral argument, he did not address that expense before the trial court, and we do not consider it. *See Pratt v. Nelson*, 2007 UT 41, ¶15, 164 P.3d 366 ("[T]o preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." (internal quotation marks omitted)).

4. Harvell also claims that the restitution order violates his due process rights. Because we resolve Harvell's appeal in his favor on other grounds, we need not consider the constitutional argument. *See West v. Thomson Newspapers*, 872 P.2d 999, 1004 (Utah 1994) ("[C]ourts should avoid reaching constitutional issues if the case can be decided on other grounds.").

5. As a convenience to the reader, we cite to the current Utah Code because the relevant sections are unchanged from the version in effect at the time of Harvell's crimes.

and losses, including lost earnings and medical expenses, but excludes punitive or exemplary damage and pain and suffering. *Id.* § 77–38a–102(6).

¶ 9 We have previously noted, "[h]owever, [that] a defendant cannot be ordered to pay restitution for criminal activities for which the defendant did not admit responsibility, was not convicted, or did not agree to pay restitution." *State v. Hight*, 2008 UT App 118, ¶ 3, 182 P.3d 922 (internal quotation marks omitted). Thus, unless the defendant agrees to pay restitution, "the statute requires that responsibility for the criminal conduct be firmly established, much like a guilty plea, before the court can order restitution." *State v. Watson*, 1999 UT App 273, ¶ 5, 987 P.2d 1289 (per curiam).

¶ 10 Harvell argues that under the plain language of the statute he cannot be ordered to make restitution for the brake system repairs or the broken iPod because he neither pleaded guilty to stealing the vehicle nor agreed to pay restitution for damages resulting from the theft of the vehicle. Accordingly, he argues, the trial court improperly ordered restitution for pecuniary damages that did not result from his attempted theft by receipt of the stolen vehicle. To support his argument, Harvell relies on *State v. Mast*, 2001 UT App 402, 40 P.3d 1143, where we reversed a trial court's order of restitution for all damages resulting from a burglary when the defendant pleaded guilty only to receiving certain items of the stolen property, *see id.* ¶ 18.

¶ 11 In response, the State contends that Harvell is responsible for all damages resulting from his conversion of the vehicle and the iPod. In making this contention, the State relies upon *State v. Hight*, 2008 UT App 118, 182 P.3d 922. There, we upheld a restitution order that compensated the victim for miss-

ing items when the defendant confessed to committing a burglary but did not admit to stealing those particular items. *See id.* ¶¶ 4–5. At the restitution hearing, the homeowner testified that he immediately discovered these items missing upon inspecting the damage resulting from the burglary, and the defendant presented no evidence to rebut that testimony. *See id.* ¶ 6. In affirming, we held that the trial court did not exceed its authority or discretion in ordering restitution for the missing items where the defendant's liability for the initial crime of burglary was established. *See id.* ¶¶ 5–6.

¶ 12 To resolve this appeal, we must decide whether Victim's pecuniary damages arose from Harvell's criminal activity. Utah has adopted a modified "but for" test for making this determination. *See State v. McBride*, 940 P.2d 539, 544 (Utah Ct.App. 1997). A modified "but for" test requires (1) that the damages " 'would not have occurred but for the conduct underlying the [defendant's] . . . conviction' " and (2) that the " 'causal nexus between the [criminal] conduct and the loss . . . not [be] too attenuated (either factually or temporally).' " *Id.* at 544 n. 5 (quoting *United States v. Vaknin*, 112 F.3d 579, 590 (1st Cir.1997)). With respect to the replacement of the brake system and the damage to the iPod, the State has not met this burden.

¶ 13 Victim noticed that the car was out of alignment immediately, but the screeching did not occur until a week later.[6] In addition, despite the screeching noise, Victim continued to drive the car for two months before she had it serviced. Although the record reflects that the brake system was replaced, there is nothing in the record to support the conclusion that the failure of the brake system was caused by Harvell's brief episode of reckless driving.[7] Under these

---

6. It is unclear from the record whether and how much Friends drove the vehicle, other than moving it from the police impound lot.

7. The State provided the court with Victim's written statement that she was "told [her] car was finally recovered when someone reported seeing it being driven recklessly." While admitting that "the rules of evidence do not apply to a restitution hearing," *see State v. Weeks*, 2002 UT

98, ¶ 16, 61 P.3d 1000, Harvell contends that this evidence was too unreliable to support an award of restitution. We need not resolve this issue because, even accepting that Harvell drove recklessly, there is insufficient evidence of causation to support the restitution award for the costs of the iPod replacement and the brake system repairs.

circumstances, we conclude that the replacement of the brake system was too attenuated both factually and temporally to justify an award of restitution. *See id.* at 544 n. 5.[8]

¶ 14 We also agree with Harvell that the State failed to make a causal connection between the broken iPod and Harvell's attempted theft by receipt of the stolen vehicle. *See generally State v. Robinson,* 860 P.2d 979, 983 (Utah Ct.App.1993) ("Restitution should be ordered only in cases where liability is clear as a matter of law and where commission of the crime clearly establishes causality of the injury or damages."). The evidence demonstrated that at least two other persons—Friends—had access to the vehicle and the iPod. Further, there is nothing in Harvell's statement or the evidence presented at the restitution hearing that establishes Harvell ever used the iPod or even knew it was in the vehicle. In the absence of any evidence linking Harvell to the iPod, the nexus between Harvell's possession of the vehicle and the iPod discovered broken one week later is simply too attenuated to establish that but for Harvell's attempted theft, Victim would not have incurred these damages.

## CONCLUSION

¶ 15 Accordingly, we conclude that the restitution order, with respect to the brake system repairs and iPod replacement, is contrary to the plain language of the restitution and sentencing statutes and must be reversed. *See generally* Utah Code Ann. § 76-3-201(4)(a) (2008) (allowing trial court to order restitution where criminal activity resulted in pecuniary damages); Utah Code Ann. § 77-38a-302(1) (2008) (same); *State v. Mast,* 2001 UT App 402, ¶ 18, 40 P.3d 1143 (reversing restitution order for all damages resulting from burglary where the defendant admitted only to receiving certain stolen property because it "violate[d] the plain language of the statute"). We remand to the

trial court for entry of a restitution order consistent with these proceedings.

¶ 16 WE CONCUR: RUSSELL W. BENCH and GREGORY K. ORME, Judges.

---

8. We also reject the State's argument that, as in *State v. Hight,* 2008 UT App 118, ¶ 6, 182 P.3d 922, Harvell presented no evidence to challenge the trial court's inclusion of costs to repair the brake system in the restitution order. Here, the State did not support any causal connection between the failure of the car's brake system and Harvell's admitted crime. Thus, there was nothing to rebut.