**2023 UT App 143**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JOSE LUIS GARCIA,
Appellant.

Opinion
No. 20220275-CA
Filed November 24, 2023

Third District Court, Salt Lake Department
The Honorable Randall N. Skanchy
No. 201911847

Janet Lawrence and Hillary King,
Attorneys for Appellant

Sean D. Reyes and Karen A. Klucznik,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion, in which JUDGES GREGORY K. ORME and AMY J. OLIVER concurred.

CHRISTIANSEN FORSTER, Judge:

¶1    Jose Luis Garcia pleaded guilty to burglary with intent to commit a theft. As part of his plea agreement, Garcia agreed to pay, jointly and severally with a co-defendant, $1,000 in restitution. Garcia also agreed that restitution would be kept open for additional claims. Some months later, the State filed a motion seeking approximately $20,000 in additional restitution. After an evidentiary hearing, the district court granted the State's motion, concluding that the conduct for which Garcia had pleaded guilty was the proximate cause of the damages for which additional restitution had been sought. Garcia now appeals the court's restitution order, arguing the State did not meet its burden to establish that his admitted criminal conduct was the proximate

cause of all the damages incurred in this criminal event. For the reasons set forth below, we agree with Garcia and therefore vacate the restitution order.

BACKGROUND

¶2 In July 2020, a property owner (Owner) called the police to report that someone had broken into his home. At the time, Owner had been out of town for several days, but a friend who had been checking on the home noticed that some items had been moved and a light had been left on. When officers arrived, it quickly became apparent that "multiple people" had been staying in the home. Officers found fingerprints in the home belonging to Garcia and another individual (Co-defendant), as well as other partial fingerprints that were not sufficient to be identified.

¶3 In October 2020, Garcia was charged with burglary, a second-degree felony. Eight months later, Garcia pleaded guilty to burglary, a class A misdemeanor. In the plea agreement, Garcia admitted that he "entered a building with the intent to commit a theft." Garcia agreed to pay $1,000 in restitution to cover Owner's insurance deductible and that restitution would "remain open for additional claims during [the] statutory period."[1]

¶4 Three months after sentencing, the State filed a motion for restitution, requesting that Garcia be ordered to pay an additional $20,109.59 in restitution to reimburse Owner's insurance company for the payout it provided to cover Owner's losses. Garcia objected to the restitution request, arguing the State had failed to explain what the funds were for or how Garcia's criminal

---

1. Both the plea agreement and the subsequent restitution order provide that restitution is to be paid jointly and severally by and between Garcia and Co-defendant.

conduct was the proximate cause of the loss and requesting that the district court hold an evidentiary hearing on the matter.

¶5    At the evidentiary hearing, Owner testified that he had been a victim of property damage and criminal mischief. Owner explained that property had been taken from his home and that he sent a list to the police of "the things that [he] thought were stolen." Owner explained that he later submitted a second list of missing items to his insurance company so that he could be reimbursed for the missing items. In addition to the missing property, Owner testified that he incurred "damage to [his] dwelling" as "the result of the break-in." At no point did Owner testify, or even suggest, that his losses were specifically the result of Garcia's actions.

¶6    A representative from Owner's insurance company (Agent) testified that Owner had been paid $20,109.59 for a claim "related to a burglary that occurred on July 7." Of that amount, $17,863.64 was paid to cover lost personal property and $2,245.95 was reimbursement for structural property damage. Agent's testimony was strictly based on the information contained in the claim documents submitted by Owner. Agent had no independent knowledge of the events giving rise to the claim, and he did not opine as to the underlying cause of the damages.

¶7    Following the evidentiary hearing, Garcia filed an amended objection to the State's motion for restitution, again asserting that imposition of additional restitution was improper because Garcia's actions were not the proximate cause of all the pecuniary losses claimed by Owner. Citing *State v. Hight*, 2008 UT App 118, 182 P.3d 922, the State countered that because Garcia participated in the initial crime where the property was lost, the court could order Garcia to pay restitution for all of Owner's damages. The State also suggested that Garcia's "agreement to pay restitution for [Owner's] insurance deductible implies responsibility for the claim made by [Owner] to insurance."

¶8　The district court considered the parties' arguments during a restitution hearing. At the close of the hearing, the court agreed with the State that Garcia's criminal conduct was the proximate cause of the damages and therefore ordered that Garcia pay $20,109.59 in restitution to reimburse Owner's insurance company. The court reasoned that Garcia "was involved in the crime. He [pleaded] guilty to that crime. The evidence . . . produced was that the crime resulted in this damage and [lost] property."

## ISSUE AND STANDARDS OF REVIEW

¶9　Garcia now appeals the district court's restitution order, arguing the court erred in ordering Garcia to pay restitution because the State did not prove that his criminal acts were the proximate cause of the damages. "We will not disturb a district court's restitution determination unless the court exceeds the authority prescribed by law or abuses its discretion." *State v. Calata*, 2022 UT App 127, ¶ 12, 521 P.3d 920 (quotation simplified), *cert. denied*, 525 P.3d 1268 (Utah 2023). "To the extent that the district court made legal determinations in connection with its restitution analysis, we review those legal determinations for correctness." *State v. Grant*, 2021 UT App 104, ¶ 24, 499 P.3d 176 (quotation simplified), *cert. denied*, 505 P.3d 56 (Utah 2022); *see also State v. Ogden*, 2018 UT 8, ¶ 24, 416 P.3d 1132 ("We review questions of statutory interpretation for correctness.").[2]

---

2. The State contends we should review this issue for clear error because Garcia's challenge concerns the district court's factual finding that Garcia was the proximate cause of Owner's damages. Although causation is generally a question of fact, a court may decide an issue of proximate cause as a matter of law where there are no issues of fact as to the causation element. *See Zendler v. University of Utah Health Care*, 2020 UT App 143, ¶ 18, 476 P.3d

(continued…)

ANALYSIS

¶10 The Crime Victims Restitution Act requires a district court to order restitution "[w]hen a defendant enters into a plea disposition or is convicted of criminal activity that has resulted in pecuniary damages." Utah Code § 77-38a-302(1) (2020).[3] For purposes of restitution, "[c]riminal activities" means "any . . . offense of which the defendant is convicted" or "any other criminal conduct for which the defendant admits responsibility to the sentencing court with or without an admission of committing the criminal conduct." *Id.* § 77-38a-102(2). A defendant, therefore, "cannot be ordered to pay restitution for criminal activities for which the defendant did not admit responsibility, was not convicted, or did not agree to pay restitution." *State v. Randall*, 2019 UT App 120, ¶ 13, 447 P.3d 1232 (quotation simplified), *cert. denied*, 455 P.3d 1064 (Utah 2019).

¶11 Here, Garcia pleaded guilty to burglary, a class A misdemeanor, for "enter[ing] a building with the intent to commit a theft." As part of the plea agreement, Garcia agreed to pay $1,000 restitution to Owner to cover Owner's insurance deductible. However, Garcia later objected to the State's request

---

1009, *cert. denied*, 481 P.3d 1043 (Utah 2021); *Kerby v. Moab Valley Healthcare, Inc.*, 2015 UT App 280, ¶ 14, 362 P.3d 944, *cert. denied*, 366 P.3d 1213 (Utah 2016). That is what the court did here. Thus, the issue of proximate cause in this case is a legal determination reviewed for correctness. *See State v. Oliver*, 2018 UT App 101, ¶ 15, 427 P.3d 495.

3. Garcia pleaded guilty on June 7, 2021, and was sentenced at the same hearing. On July 1, 2021, the Crime Victims Restitution Act was repealed and renumbered. We cite the version in effect at the time of Garcia's entry of plea and sentencing. *See State v. Clark*, 2011 UT 23, ¶ 13, 251 P.3d 829 (noting that we apply "the law as it exists at the time of the event regulated by the law in question").

for approximately $20,000 in additional restitution to reimburse Owner's insurance company for property damage and lost property *that was allegedly the result of Garcia's burglary* on the grounds that the amount sought was "for losses related to crimes other than the crime which Garica admitted responsibility for and pleaded guilty to." The district court dismissed Garcia's objection and ordered Garcia to pay the additional sum.

¶12    Although Garcia agreed to pay a set amount of restitution for criminal actions, the State was nevertheless required to prove that Garcia's burglary "resulted in [Owner's] pecuniary damages" to recover additional restitution above the agreed upon amount. *See* Utah Code § 77-38a-302(1); *see also State v. Becker*, 2018 UT App 81, ¶ 12, 427 P.3d 306. The State has failed to carry its burden here.

¶13    To assess whether a criminal activity has resulted in pecuniary damages, courts apply a proximate cause test. *State v. Ogden*, 2018 UT 8, ¶ 48, 416 P.3d 1132. "Proximate cause is that cause which, in a natural and continuous sequence, unbroken by any new cause, produced the injury, and without which the injury would not have occurred." *Randall*, 2019 UT App 120, ¶ 20 (quotation simplified). "It requires proof of two elements: (1) but-for causation and (2) foreseeable harm." *State v. Watson*, 2021 UT App 37, ¶ 15, 485 P.3d 946. A court need not address both elements, however, when a case obviously fails under one of them. *See Becker*, 2018 UT App 81, ¶ 17. "In restitution cases, the burden is on the State to prove proximate cause." *State v. Morrison*, 2019 UT App 51, ¶ 13, 440 P.3d 942.

¶14    The evidence presented at the restitution hearing clearly established that Owner suffered pecuniary damages; however, that evidence did not establish that those damages were a result of Garcia entering Owner's home merely "with the intent to commit a theft," but with no proof that he actually committed a theft, nor any admission by Garcia that he had done so. Indeed, at

the hearing, both Owner and Agent testified regarding the items stolen from Owner's home and the value of the items. Similarly, both testified regarding the property damage to Owner's home and the cost to repair the damage. While both accounts were detailed, the information provided was merely a "bare itemized list of expenses." *See Becker*, 2018 UT App 81, ¶ 15. It did not include information specifically "relating the listed items" to Garcia's criminal conduct. *See id.* Garcia did not plead guilty to theft or property damage and there was no evidence presented that he engaged in either activity. "Thus, there was no information provided to the court to demonstrate that [Garcia's] conduct produced the injury, and without which the injury would not have occurred, and therefore did not meet the standards for restitution." *See id.* (quotation simplified).

¶15　The State resists this conclusion, arguing that *State v. Hight*, 2008 UT App 118, 182 P.3d 922, is controlling precedent and that Garcia has not attempted to distinguish that case.[4] But the State's reliance on *Hight* is misplaced. Contrary to the State's assertion,

---

4. The State also argues extensively that Garcia has inadequately briefed his argument and has thus not carried his burden of persuading us that the district court's proximate-cause determination was clearly erroneous. But the State's position on this point is based in part on a misunderstanding of the applicable standard of review. As discussed, *supra* note 2, the court's finding of proximate cause in this case presented a legal question, rather than a factual question. As such, Garcia was not required to show that the court's finding was clearly erroneous. And aside from this confusion, we disagree with the State's characterization that Garcia's briefing is inadequate. Garcia's brief contains sufficient "citations to legal authority and the record" explaining why he "should prevail on appeal." *See* Utah R. App. P. 24(8); *see also Bank of Am. v. Adamson*, 2017 UT 2, ¶ 12, 391 P.3d 196 ("[T]here is not a bright-line rule determining when a brief is inadequate."). We therefore find it adequate.

the facts in *Hight* are not "directly on point," and importantly, *Hight* was decided under a different standard of causation.

¶16   In *Hight*, the defendant admitted to burglary and stealing marijuana. *Id.* ¶ 4. At a restitution hearing, the homeowner testified that after the burglary, he noticed other items were missing from his home, including "a watch, keys, and a silver dollar collection." *Id.* ¶ 6. Based on the homeowner's "unopposed" testimony, the trial court ordered the defendant to pay restitution for all the missing items, including those which he did not admit to taking. *Id.*

¶17   On appeal, the defendant argued that the trial court erred by ordering him to pay restitution for items that he did not admit to taking, asserting that "following a guilty plea for a broad offense such as burglary, [a defendant's] responsibility for any particular missing items must be firmly established before the court can order restitution for them." *Id.* ¶ 4 (quotation simplified). This court disagreed and upheld the restitution award. *Id.* ¶ 5. The court reasoned that once the defendant "pleaded guilty to burglary, the trial court acted within its broad discretion, after reviewing the evidence presented at the restitution hearing, in ordering restitution for any pecuniary damages clearly resulting from the burglary."[5] *Id.*

---

5. Although not necessary for disposition of the appeal, the *Hight* court also concluded it was "unlikely" that the defendant had admitted responsibility for all the missing items merely by admitting to "breaking into, burglarizing, and stealing marijuana from the homeowner's residence." *State v. Hight*, 2008 UT App 118, ¶ 7 & n.3, 182 P.3d 922. The court reasoned that "although [the defendant] readily admitted responsibility for his criminal actions, his attorney objected at both the sentencing and the restitution hearing to the inclusion of [the] other items in the

(continued…)

¶18     Factually, *Hight* is distinguishable from the case at hand. Unlike the defendant in *Hight*, Garcia was not a lone actor. Indeed, the evidence here is unequivocal that there were multiple actors, including Co-defendant and various others whose identities were never confirmed. Further, Garcia did not admit to theft of any item, whereas the defendant in *Hight* admitted to theft of at least one item, in addition to admitting to the underlying burglary. *See id.* ¶ 4.

¶19     Moreover, *Hight* was decided prior to *State v. Ogden*, 2018 UT 8, 416 P.3d 1132, wherein our supreme court replaced the modified but-for causation standard for restitution with the proximate cause standard in effect today. *See id.* ¶ 48. Notwithstanding this fact, the State contends that reliance on *Hight* is still proper, noting that in *State v. Randall*, 2019 UT App 120, 447 P.3d 1232—which was decided after *Ogden*—this court "approvingly cited *Hight*'s holding." But the State misreads the proposition for which *Hight* was cited in *Randall*.

¶20     In *Randall*, the defendant challenged the propriety of a restitution award, arguing that the district court erred in determining the scope of the award and that the State had not proven causation. 2019 UT App 120, ¶¶ 12, 19. This court disagreed on both points and upheld the award. *Id.* ¶¶ 18, 22, 27. Citing *Hight*, the court first found that the district court correctly determined the scope of restitution, reasoning that once the defendant "pled guilty to the broad offense of engaging in a pattern of unlawful activity," the district court acted within its

restitution order." *Id.* ¶ 7 (footnote omitted). Ultimately, it was the evidentiary "hearing, not the plea, that provided a sufficient basis for the restitution order." *Id.* So too here. Even though Garcia admitted responsibility for the burglary, he objected to the additional restitution. Thus, we cannot conclude, nor does *Hight* require, that Garcia's plea alone provided a sufficient basis for the restitution order. *See supra* ¶ 12.

discretion in determining the amount of restitution owed to the victims harmed by the defendant's unlawful activity. *Randall*, 2019 UT App 120, ¶¶ 16–17. Next, citing *Ogden* and *State v. Oliver*, 2018 UT App 101, 427 P.3d 495 (applying the proximate cause standard to a restitution award), the court analyzed causation, examining whether the State had established that the defendant's crimes were the proximate cause of the pecuniary losses suffered by the victims. *Randall*, 2019 UT App 120, ¶¶ 19–22. Thus, the *Randall* court's reliance on *Hight* concerned only whether the district court had properly determined the *scope* of the restitution award—i.e., the number of victims who were impacted by the defendant's *admitted* criminal conduct; however, the court's causation analysis relied solely on *Ogden* and *Oliver*.

¶21 In sum, Garcia pleaded guilty to burglary and agreed to pay restitution for that crime. He did not admit responsibility, however, for Owner's property damages and losses, nor did he agree to pay for Owner's losses as part of his plea agreement. Therefore, to support an award of restitution, the State was required to prove that the conduct for which Garcia agreed to pay restitution (burglary) caused Owner's damages. Because the State has not done so, we need not determine whether the damage was foreseeable.

CONCLUSION

¶22 The district court erred in ordering Garcia to pay restitution to Owner's insurance company because the State did not present sufficient evidence to establish that Garcia's criminal conduct was the proximate cause of all of Owner's claimed property damage and losses. Accordingly, we vacate the district court's restitution order.

_____