**2026 UT App 51**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
SHAWNA JO KEITH,
Appellant.

Opinion
No. 20241179-CA
Filed April 2, 2026

Fourth District Court, Provo Department
The Honorable Robert A. Lund
No. 231403697

Stephen Florence, Dallas B. Young, and
Jennifer Foresta, Attorneys for Appellant

Jeffrey S. Gray and Christopher D. Ballard,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES RYAN M. HARRIS and AMY J. OLIVER concurred.

CHRISTIANSEN FORSTER, Judge:

¶1      Shawna Jo Keith appeals from the district court's award of restitution after she was convicted of making a false credit report in connection with the purchase of a car. She asserts that it was legal error for the court to order restitution based on the contract purchase price of the car and not on the wholesale value of the car that the car dealership had paid. We disagree and affirm the restitution order.

BACKGROUND

¶2      On March 29, 2023, Keith entered into a contract of sale with a Toyota dealership (the dealership) to purchase a 2016 Toyota Corolla for an out-the-door price of $19,063. In conjunction with the sale, Keith applied for financing through the dealership. Based on these documents, the dealership let Keith leave with the car.

¶3      However, the dealership later discovered that Keith had "lied about her employment and income" in her credit application. Employees of the dealership reached out to Keith to request that she return the car, and although Keith texted that she would do so, she never did. Thereafter, the dealership discovered that in August 2023, Keith was involved in an accident wherein the car was totaled. The dealership never received any payment for the car.

¶4      Keith was charged with one count of making a false credit report. She ultimately pleaded guilty to the charge, acknowledging that she "knowingly ma[de] a materially false or misleading written statement to obtain property or credit." The district court accepted Keith's plea, placed her on probation, and scheduled a restitution hearing.

¶5      At the hearing, the State asserted that the appropriate measure of restitution was the $19,063 Keith had agreed to pay as "the fair market value of the vehicle" and that the loss suffered by the dealership "would clearly be . . . the contract amount." Keith, on the other hand, argued that the appropriate measure of restitution in this case was the "actual proven damage" to the dealership of the wholesale amount paid to acquire the car, which was $6,500.

¶6      After considering subsequent briefing by the parties, the district court agreed with the State and ordered restitution in the amount of $19,063. Keith now appeals this restitution order.

ISSUE AND STANDARDS OF REVIEW

¶7 Keith argues that the district court used an incorrect measure of pecuniary damages and, in so doing, abused its discretion in setting the restitution amount. Generally, "we will not disturb a [district] court's restitution order unless it exceeds that prescribed by law or the [district] court otherwise abused its discretion." *State v. Ludlow*, 2015 UT App 146, ¶ 5, 353 P.3d 179 (quotation simplified). However, "we review legal determinations associated with a restitution analysis for correctness." *State v. Blake*, 2025 UT 21, ¶ 13, 582 P.3d 705.

ANALYSIS

¶8 When a defendant's criminal conduct results in pecuniary damages, a sentencing court must order restitution to all victims as part of the defendant's sentence. *See* Utah Code § 77-38b-205(1)(a). Unless otherwise provided by plea agreement, restitution must be ordered "for the entire amount of pecuniary damages that are proximately caused to each victim by the criminal conduct of the defendant." *Id.* In determining that amount, the court must "consider all relevant facts to establish an amount that fully compensates a victim for all pecuniary damages proximately caused by the criminal conduct." *Id.* § 77-38b-205(2)(a). Appellate decisions on restitution have emphasized that restitution is intended to compensate victims for their actual economic losses. *See State v. Corbitt*, 2003 UT App 417, ¶ 9, 82 P.3d 211; *see also Mahana v. Onyx Acceptance Corp.*, 2004 UT 59, ¶ 26, 96 P.3d 893 ("To the extent possible, the fundamental purpose of compensatory damages is to place the plaintiff in the same position [it] would have occupied had the tort not been committed.").[1] And while restitution may include compensation

_____

1. "Cases addressing damages in the context of civil . . . actions are relevant to our analysis because pecuniary damages in the

(continued…)

for economic injury that has not yet "been incurred," such injury must still be "demonstrable." Utah Code § 77-38b-102(19)(a).

¶9 In applying these principles, courts must determine how best to measure a victim's actual economic loss. Although fair market value is often used as a proxy for that loss, the appropriate measure is not rigid and depends on the circumstances of the case. *See State v. Irwin*, 2016 UT App 144, ¶¶ 6–7, 379 P.3d 68. In some cases, particularly those involving the theft of retail inventory, replacement or acquisition cost will provide the most accurate measure because retail value may include anticipated profits that are uncertain or unrealized. *See id.* ¶¶ 7–8. Nonetheless, Utah precedent has not adopted a categorical rule requiring the use of replacement cost in every case involving a retail seller; rather, it has recognized that the proper measure of restitution must be tailored to the nature of the loss actually sustained. *See id.* ¶ 6; *see also Corbitt*, 2003 UT App 417, ¶ 15 ("The appropriate measure of the loss or damage to a victim is fact-sensitive and will vary based on the facts of a particular case. . . . We think it unwise to adopt a black-letter rule that either always requires or never permits the use of purchase price or insurance settlement amount as valuation methods under the restitution statute.").

¶10 The question here is how to characterize the dealership's loss. Keith argues that the dealership lost only a vehicle from its inventory and that restitution should therefore be limited to the

_____

restitution context are those damages which a person could recover in a civil action arising out of the facts or events constituting the defendant's criminal activities." *State v. Irwin*, 2016 UT App 144, ¶ 6 n.3, 379 P.3d 68 (quotation simplified). *But see State v. Debrok*, 2025 UT 40, ¶ 20, 579 P.3d 296 (acknowledging legislative changes to the Crime Victims Restitution Act over the past several years "that appear to have disconnected criminal restitution, at least to some degree, from the civil damages framework").

amount the dealership paid to acquire that vehicle. The State, by contrast, contends that the dealership's loss arose from a completed sales transaction induced by Keith's fraudulent credit application and that the proper measure of restitution is the contract price Keith agreed to pay. We agree with the State.

¶11     This case does not involve the theft of unsold inventory. Instead, the evidence showed that the dealership entered into a retail sales contract with Keith, transferred possession of the vehicle to her, and did so in reliance on the information she provided in her credit application. That contract established a definite payment obligation in the amount of $19,063. Accordingly, the dealership's loss was not merely the loss of a vehicle it could replace in its inventory; it was the loss of a completed transaction that, absent Keith's fraud, would have resulted in payment of a sum certain.

¶12     That distinction matters. In *State v. Irwin*, 2016 UT App 144, 379 P.3d 68, the defendant stole a number of watches that had been part of the victim retailer's inventory and could be replaced at wholesale cost. *See id.* ¶ 3. There was no evidence that the retailer had lost any specific sales, and the retailer "had the ability to replace the stolen items for much less than their retail value." *Id.* ¶¶ 7–8. Under those circumstances, awarding restitution based on retail value would have compensated the retailer for profits it might or might not have realized and risked granting a windfall. *See id.* ¶¶ 7–9. Accordingly, this court held that replacement cost was the more accurate measure of the retailer's actual loss. *See id.* ¶ 9.

¶13     Here, by contrast, the dealership's loss was established by a signed contract reflecting a specific and enforceable payment obligation. This is not a case in which the victim seeks recovery for speculative or hypothetical profits. The dealership presented evidence of a completed transaction and a definite price it was entitled to receive. As *Irwin* itself recognizes, anticipated profits

may be included in a restitution award where they are established with sufficient certainty. *See id.* ¶ 8. That requirement is satisfied here.

¶14 And our decision in *State v. Sabbagh*, 2019 UT App 179, 454 P.3d 70, does not compel a different result. In *Sabbagh*, the State argued that the victim retailer's loss should include the value of a "loss leader" pricing strategy, an argument that depended on uncertain and unquantifiable assumptions about future customer behavior. *See id.* ¶¶ 8–9. We rejected that approach because it sought to include speculative components of damage not supported by the record. *See id.*

¶15 Here, by contrast, the dealership's claimed loss does not depend on speculation about future sales or customer conduct. It rests on a contract that fixed the amount the dealership was to receive in exchange for the vehicle. The loss is concrete, not conjectural.[2]

¶16 Keith argues that awarding restitution based on the contract price results in a windfall because it allows the dealership to recover more than its acquisition cost for the vehicle. But that argument rests on the premise that the dealership's loss should be viewed solely as the loss of inventory. As explained above, the

---

2. We also note that the dealership could have presumably pursued civil litigation against Keith under the sales contract for the full purchase price that she had agreed to pay. And "the well-settled remedial purpose of our restitution statute is to compensate victims for the harm caused by a defendant and to spare victims the time, expense, and emotional difficulties of separate civil litigation to recover their damages from the defendant." *State v. Corbitt*, 2003 UT App 417, ¶ 14, 82 P.3d 211 (quotation simplified). Considering this purpose, it seems logical that the restitution amount would include the amount that the victim could pursue civilly—the contract amount.

district court was not required to adopt that characterization. The evidence supported the conclusion that the dealership's loss was the loss of a completed, fraud-induced sale. Measuring restitution by the contract price places the dealership in the position it would have occupied had the fraud not occurred—precisely what restitution is designed to do. *See Mahana v. Onyx Acceptance Corp.*, 2004 UT 59, ¶ 26, 96 P.3d 893.

¶17 In sum, because the dealership's loss arose from a completed transaction supported by a contract establishing a definite payment amount, the district court did not abuse its discretion in measuring restitution by the contract price. *See generally State v. Ludlow*, 2015 UT App 146, ¶ 5, 353 P.3d 179 ("A [district] court will be deemed to have abused its discretion only if no reasonable person would take the view adopted by the [district] court." (quotation simplified)). Unlike cases involving speculative lost profits or readily replaceable inventory, the loss here was certain and directly attributable to Keith's conduct. The restitution award therefore reflects the dealership's actual pecuniary damages and does not constitute a windfall.

CONCLUSION

¶18 The district court did not err in applying the restitution statute or prior legal precedent in determining that the retail amount can be an acceptable measurement of restitution. Nor did the court abuse its discretion in determining that the contract amount was an appropriate measure of restitution on the particular facts of this case. We therefore affirm the court's restitution order.

─────────